PFAFFENBERGER *v.* PAVILION RESTAURANT COMPANY.

1. PLEADING—DECLARATION—CONSTRUCTION.
   All material allegations properly pleaded in a declaration must be accepted as true and construed in the light most favorable to plaintiff in determining whether or not a cause of action is set forth, mere conclusions of the pleader not being given force and effect.

2. INTOXICATING LIQUORS—PLEADING—SALE TO INTOXICATED MINOR —CORPORATIONS—AGENTS.
   Declaration under civil damage act that defendants owned and operated a tavern, were in the business, under license, of selling intoxicating liquors to the public and violated their statutory duties by selling to one who was a minor and intoxicated at the time, sufficed to charge all 3 corporate defendants with the alleged wrongful acts upon which plaintiff's cause of action was predicated notwithstanding the license was alleged to have been issued in the name of 1 corporation, where it is alleged that the corporations were so operated as to constitute them agents of one another (CL 1948, §§ 436.29, 436.33, 750.141a; CLS 1956, § 436.22).

3. CORPORATIONS—PRINCIPAL AND AGENT.
   The relation of one corporation to another may be such that, by the general rules of agency, each may be the agent of the other and the corporate entities disregarded.

4. INTOXICATING LIQUORS—PLEADING—CORPORATIONS—PRINCIPAL AND AGENT.
   Allegations in declaration under civil damage act that 3 corporations were so organized, controlled and managed that they

* Continued from Volume 351 Michigan.

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 41 Am Jur, Pleading § 65.
[2, 4] 30 Am Jur, Intoxicating Liquors § 555.
[3] 13 Am Jur, Corporations §§ 7, 8.

were the instrumentalities, agents and adjuncts of each other and were, in fact, 1 unit, coupled with averments of common ownership, directorship, control, management and operation at 1 location and that the corporation licensed to sell intoxicating liquor for consumption on the premises was uncollectible constituted a sufficient pleading of facts to admit of offers of proofs of an agency relation, particularly when knowledge of the related facts is peculiarly within the possession of defendants rather than plaintiffs (CL 1948, §§ 436.29, 436.33, 750.141a; CLS 1956, § 436.22).

5. Pleading—Sufficiency.

A liberal attitude is taken in passing upon the sufficiency of pleadings.

Appeal from Allegan; Smith (Raymond L.), J. Submitted October 8, 1957. (Docket No. 1, Calendar No. 47,142.) Decided March 7, 1958.

Case by H. E. Pfaffenberger against the Pavilion Restaurant Company, West Michigan Amusement Company, and Amusement Enterprises Company, all Michigan corporations, and others for damages under the civil liability act arising from sale of alcoholic beverages to his minor son. Case against 2 latter corporations dismissed on motion. Plaintiff appeals. Reversed.

*Leo W. Hoffman* and *Frederick D. McDonald,* for plaintiff.

*Rex W. Orton,* for defendant appellees.

Dethmers, C. J. Plaintiff sued for damages resulting from physical injuries to his minor son allegedly occasioned by the latter's consumption of intoxicating liquors unlawfully furnished and sold to him as a minor and while he was intoxicated in violation of CLS 1956, § 436.22 (Stat Ann 1957 Rev § 18.993), under which liability is urged, and of CL 1948, §§ 436.29, 436.33 (Stat Ann 1957 Rev § 18.1000,

Stat Ann 1953 Cum Supp § 18.1004) and CL 1948, § 750.141a (Stat Ann 1955 Cum Supp § 28.336[1]). Plaintiff's appeal is from an order granting defendants' motion to dismiss, before trial, as to 2 of the 3 corporate defendants. The motion was granted on the ground that plaintiff's declaration failed to state a cause of action as to them. It is evident from the trial court's opinion that it considered controlling, with respect to the 2 dismissed corporations, the doctrine that "the corporate fiction insulates the stockholders, directors and corporate defendants from any liability here." The court interposed the corporate shield as to them because plaintiff's declaration alleged that the liquor license under which the unlawful sale was made had been issued in the name of the third corporation, with no allegation to show the connection of the other 2 except that title to the real estate on which the liquor business was being conducted was held in the name of one of them.

Plaintiff's declaration, after stating that the 3 corporate defendants were owned by the same stockholders, had identical officers and conducted their businesses at the same location, contained the following pertinent allegations:

"That  *  *  *  defendants owned and operated a tavern known and advertised to the public as The Dock, located on lots 170, 180, 218, 219 of the Kalamazoo Plat of the village of Saugatuck, Allegan county, Michigan; that at The Dock defendants were in the business of selling and furnishing to the public spirituous intoxicants, malt liquors and beverages under the authority of a class C liquor license issued by the Michigan liquor control commission authorizing The Dock to sell at retail beer, wine and spirits for consumption on the premises of The Dock; that said liquor license was issued in the name of defendant Pavilion Restaurant Company;  *  *  *

"That said defendant corporations are so organized, controlled and managed that they are instrumentalities, agents or adjuncts of one another, and of the other defendants, and are in fact 1 unit; that the aforesaid lots 170, 180, 218, 219 and the aforesaid building located thereon known as the pavilion are held in the name of defendant Amusement Enterprises Company; that virtually all of the business of defendants is conducted in the building located on said lots; that the business affairs of defendant are managed, controlled and conducted by same persons; * * * that defendant Pavilion Restaurant Company has no assets and that it operates within the and upon the premises of the pavilion as an instrumentality, agent, sham corporation or adjunct of defendant Amusement Enterprises Company and of defendant West Michigan Amusement Company; that the stockholders of defendant corporation are virtually identical; that all of said defendant corporations are operated by the aforesaid officers and by the stockholders of defendant corporation as 1 unit, instrumentality, agency, adjunct, and shams of each other"

and that "said defendants did violate the aforesaid duties by selling * * * intoxicating liquor" to said minor.

In *Johnson* v. *Borland,* 317 Mich 225, 229, 230, this Court said:

"In determining whether the declaration sets forth a cause of action, all material allegations properly pleaded therein must be accepted as true and construed in the light most favorable to plaintiff, mere conclusions of the pleader not being given force and effect."

The allegations in plaintiff's declaration that the defendants (which includes the 2 corporate defendants dismissed) owned and operated a tavern, were in the business, under license, of selling intoxicating liquors to the public and violated their statutory

duties by selling to one who was a minor and intoxicated at the time, sufficed to charge all 3 corporate defendants with the alleged wrongful acts upon which plaintiff's cause of action was predicated. Accordingly, the declaration stated a cause of action against them all.

Was such positive statement of a cause of action against the 3 corporate defendants, including the 2 dismissed, diluted or vitiated with respect to the latter 2 by the additional averments that the liquor license was issued in the name of the corporation which was not dismissed and that title to the real estate involved was in the name of 1 of the other 2 and failure to spell out further the respective relationship between the 3? We think not.

If, on trial, proofs fail to establish plaintiff's allegations that the 3 corporate defendants engaged in the business of selling and did sell the intoxicants to the minor, may liability on the part of the 2 dismissed corporate defendants be based on the theory that the third corporate defendant acted as their agent in making the sale, and does plaintiff's declaration adequately plead such agency?

Defendants cite *Gledhill* v. *Fisher & Co.*, 272 Mich 353 (102 ALR 1042); *Finley* v. *Union Joint Stock Land Bank of Detroit*, 281 Mich 214; *Burrows* v. *Emery*, 285 Mich 86; and *Carolin Manfg. Corp.* v. *George S. May, Inc.*, 312 Mich 487, which hold that, under the facts presented in those cases, the separate corporate entity of a corporation will not be disregarded so as to hold its stockholders, or, if it be a subsidiary corporation, to hold its parent corporation liable for its acts. In each of these cases decision rested on proofs adduced at trial of the cause. We think them not controlling here, where proofs have not yet been taken and the question presented is not whether liability may be imposed upon a corporation solely on a showing that it is the

parent of a subsidiary corporation whose acts constitute the basis for the cause of action. Here, the pleadings speak not in terms of a parent and subsidiary corporate relationship involving a necessity for determining whether corporate identities shall be disregarded, but, rather, the averments are that an agency relationship exists between the corporations. Certainly, a corporation may be held liable for the authorized acts of another corporation acting as its agent. If, however, plaintiff's proofs fail to show such agency on other bases but do establish such confusion of the affairs of the 3 corporations and such domination and manipulation of the business of the licensed corporation by the other 2, through common stockholders and officers, and such a combination of the operations of the 3 corporations, so as to bring this case within the meaning of decision in *Herman* v. *Mobile Homes Corporation,* 317 Mich 233, the corporate entities may be disregarded, to the extent and in the respect there found proper, to discern in that very set of circumstances and by reason thereof a principal and agency relationship.

Defendants urge that plaintiff's averments of agency amount to mere statements of conclusions and not of facts upon which an ultimate finding might be made. As said in *Hanselman* v. *Carstens,* 60 Mich 187, 193:

"The facts required to be stated in the declaration, like those found by a special verdict, are deduced from other facts, to be found from the testimony, and must be such as will enable the court to declare the law in the case; so that it will be seen that the facts upon which the rights of the plaintiff are made to depend are in a certain sense conclusions, but are nevertheless the kind of facts required in pleading in stating the plaintiff's cause of action, while the others are the testimony furnishing the evidence of

those facts, and not proper to be given in the declaration."

We think the allegations that the corporations were so organized, controlled and managed that they were the instrumentalities, agents and adjuncts of each other and were, in fact, 1 unit, coupled with the averments of common ownership, directorship, control, management and operation at 1 location and that the licensed corporation was uncollectible, while involving expressions of legal conclusions, constitute, at the same time, sufficient pleading of facts to admit of offers of proofs of such agency, particularly when knowledge of the facts relating thereto is peculiarly within the possession of defendants rather than plaintiff. Such was the sense of what we said in *Spelman* v. *Addison,* 300 Mich 690, 702, in which we further observed that:

"In recent years, at least, this Court has taken a liberal attitude in passing upon sufficiency of pleadings."

The allegations contained in plaintiff's declaration entitle him to an opportunity to prove his case against the defendants.

Reversed, with costs of this appeal to plaintiff.

CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.