**FIRE ASSOCIATION OF PHILADELPHIA et al., Plaintiffs and Appellants,**

v.

**VANTINE PAINT AND GLASS COMPANY OF BISMARCK, a corporation, et al., Defendants and Respondents.**

No. 8204.

Supreme Court of North Dakota.

Feb. 17, 1965.

Robins, Davis & Lyons, Minneapolis, Minn., and Frederick E. Saefke, Jr., Bismarck, for plaintiffs and appellants.

Cox, Pearce, Engebretson, Murray & Anderson, Bismarck, and Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for defendants and respondents.

SCHNELLER, District Judge.

This is an appeal from a judgment of dismissal of plaintiffs' cause of action rendered pursuant to a motion for summary judgment made by all the defendants except Vantine Paint and Glass Company of Mandan, North Dakota, and Elmer Huber.

The complaint of the plaintiffs in substance alleges that the defendants Glenn C. Vantine, Jack D. Vantine, and their father John C. Vantine, for more than twenty years prior to January 30, 1959, were engaged in the sale of glass, paint, floor covering, and similar merchandise, and in the sale and installation for hire of flooring and similar merchandise sold by them as partners and during said time advertised and held themselves out to the public as one business establishment, with stores in Bismarck, Mandan, Dickinson and Williston in the State of North Dakota; and that in the month of October, 1951, the said parties organized the four corporations named as defendants herein and at the same time carried on the same business purposes as had been carried on previously by the partnership, and transferred to the corporations the ostensible ownership and control of the stores of the partnership, each in the city of the corporate name, but the businesses continued to operate as before the corporations and the said individuals continued in actual operation and control of the stores and continued to advertise and to hold themselves out as one establishment operating in four places; and the result of said incorporations, if valid, as to outsiders and creditors was a legal fraud and deceit in that it restricted the legal liability of the said copartners as such and individually and would cause an unjust loss to injured persons contrary to the advertised business operations of the four stores, and such incorporations are invalid as to plaintiffs.

Further plaintiffs allege that the corporate defendants organized by Glenn C. Vantine, Jack D. Vantine and John C. Vantine, were organized by them as their alter ego for the identical purposes set forth in their separate articles of incorporation, and that said companies never have had and do not have any genuine or separate corporate existence, but have been controlled, used and exist for the sole purpose of permitting the incorporators to transact an individual business under a multiple corporate guise.

The complaint further alleges that the plaintiff insurance companies among them, insured various tenants and occupants and neighboring properties of the premises known as 220–222 Main Street in the City of Mandan, Morton County, North Dakota, against the hazards of fire and related peril; on January 30, 1959, one Elmer Huber, in his capacity as an employee of the Vantine Paint and Glass Company of Mandan, or an employee of defendant corporations or defendant partnership or defendant individuals, was engaged in the laying of asphalt tile in the basement of the said building, and negligently handled and used a certain open flame torch and thereby caused to be set afire a portion of the building and the contents thereof, which fire was spread and communicated to and about the business operated and the premises maintained and occupied by the tenants and occupants of 220–222 Main Street and neighboring properties in the City of Mandan, causing said tenants and occupants damage or destruction of their premises and the contents and the interruption of business activi-

ties; and that the negligence of said Elmer Huber while in the course of his employment by the defendant as described was the proximate cause of the damages sustained by the plaintiffs and insurers of the plaintiffs; that demand was made upon the respective insurers for loss and damages suffered, and the plaintiff Richard P. Gallagher, an occupant or tenant of the premises, by reason of the fire sustained damages of $65,000, together with the other damages sustained by the insurance companies named and individuals set out in a schedule in said complaint, and which loss totals $172,439.29; and judgment in that amount is asked for by the plaintiffs and against the defendants.

The defendant Elmer Huber answered separately, admitting that on January 30, 1959, he was an employee of Vantine Paint and Glass Company of Mandan, a corporation, but was not at that time an employee of any other of the defendants. He further denies any negligence on his part in causing the fire which occurred.

Other defendants answered alleging a partnership as set forth in plaintiffs' complaint prior to October, 1951, but further allege that in October, 1951, the four separate corporations were organized to conduct a proper, legal, and legitimate business; deny that formation of the corporations and their doing business was a fraud or deceit in any manner whatsoever to any person, or that incorporation caused injury or loss to any person; allege that since incorporation the separate business establishments in the cities indicated in their corporate names have at all times been kept and operated as separate corporate entities. They further allege that John C. Vantine died on the 21st of January, 1959, that he was not at the time of his death an officer or stockholder of any of said corporations, and his estate is not interested in any of said corporations. They further deny that said defendant Elmer Huber was ever an employee of a partnership, or in the employ, of any of the answering defendants except the Vantine Glass and Paint Company of Mandan, and they further deny any negligence on the part of said corporations acting through their agent Elmer Huber.

Thereafter, all of said defendants, with the exception of Vantine Paint and Glass Company of Mandan, North Dakota, and Elmer Huber, noticed a motion for summary judgment, and in support thereof submitted the affidavit of Jack D. Vantine, in which it was set forth that the four Vantine Glass and Paint Company corporations were organized under the laws of the State of North Dakota in October, 1951, and ever since such time have operated as separate entities, and that each corporation has its own capital, bank account in a separate bank, separate accounts payable and receivable; that they maintain separate sets of books and records, make separate tax returns, both Federal and State, and in every way have been and are completely separate corporations in the manner provided by law; that no partnership doing business under the name Vantine Paint and Glass Company has existed or transacted any business since October, 1951; and that John C. Vantine, father of the affiant and of Glenn C. Vantine, died January 21, 1959, prior to the occurrence of the fire alleged in plaintiffs' complaint and upon which plaintiffs' action is based, and that at the time of his death said John C. Vantine did not own any stock in any of said four corporations, and his estate has never owned any stock in any of the said four corporations, nor is said estate in any way interested in said business. Further, that the defendant Elmer Huber was an employee of Vantine Paint and Glass Company of Mandan, and has not at any time ever been an employee of any of the other defendant corporations. That the contract for the laying of tile in the building in which the fire occurred as alleged in plaintiffs' complaint was made by and between the owner or tenant of said building and Vantine Paint and Glass Company of Mandan through its local manager, and that no other corporation or any other defendant in any manner was involved in the contract or in the work performed thereunder.

The plaintiffs submitted a brief in opposition to the motion for summary judgment, and attached thereto a certificate of the Secretary of State of the State of North Dakota certifying that in the years 1958, 1959, 1960, 1961, 1962, and 1963, the filing fee for the annual reports of the said Vantine Paint and Glass Company of Bismarck, Dickinson, Mandan, Williston, were each year paid by one check in the amount of $20.00 which paid the fee for the annual reports in each of said years. Further they attach a photostatic copy of an advertisement appearing in the Bismarck Tribune on December 31, 1958, in the form of a Christmas greeting to customers signed by the employees and management of the Vantine Paint and Glass Company, Bismarck—Mandan—Dickinson—Williston; photostatic pictures of two signs, one east of Bismarck on Highway 10, and one west of Mandan on Highway 10, reading: "You know Vantine's will serve you better. Bismarck—Mandan—Williston—Dickinson." And a picture of a vehicle taken at the Bismarck store, and the Mandan store, with signs thereon, "Vantines," followed by the names, "Bismarck – Mandan – Dickinson – Williston"; and a photograph of the Bismarck and Mandan stores showing identical signs on each store. There is nothing further to dispute the affidavit of Jack D. Vantine that each corporation has its own capital, bank account in a separate bank, separate accounts payable and receivable; that there are separate sets of books and records kept for each store; separate tax returns, both Federal and State, are made; and that no partnership under the name Vantine Paint and Glass Company has existed or transacted business since October, 1951; or that John C. Vantine died prior to the fire, the basis of plaintiffs' complaint, and that at such time he did not own any stock in any of the four corporations nor did his estate have any stock in said four corporations nor was it in any way interested in the business of said corporations.

The motion for summary judgment was made under Paragraph (c) of Rule 56 of the North Dakota Rules of Civil Procedure, that part of the paragraph reading as follows: "Judgment shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

■ Volume 3 of Barron and Holtzoff's Federal Practice and Procedure, Page 104, states: "The rule itself provides that 'the judgment sought shall be rendered forthwith if * * * there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law.'"

Paragraph (b) of Rule 9 of the North Dakota Rules of Civil Procedure provides as follows: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

The plaintiffs rely upon their allegation and statement in their brief that the corporations as formed are a fraud in law and caused an unjust loss to third persons since the corporations are merely, what they term, an alter ego of the individuals and are operated as adjuncts or agencies of each other, which are indistinguishable in fact although operated under a corporate guise. They fail to allege just how the so-called fraud in law prejudiced the plaintiffs. They state in their briefs that the corporations were organized for two purposes, one, to get away from individual liability, the other, to reduce their taxes which they might have had as individuals.

■ It is stated in Gledhill v. Fisher & Co., 272 Mich. 353, 262 N.W. 371, 102 A.L.R. 1042, that the organization of a corporation for the avowed purpose of avoiding personal responsibility does not in itself constitute fraud justifying the disregard of the corporate entity.

The Supreme Court of Michigan quotes Wormser in his "Disregard of the Corporate Fiction," at page 18 as follows: "It follows that no fraud is committed in incorporating for the precise purpose of avoiding and escaping personal responsibility. Indeed, that is why most people incorporate, and those dealing with corporations know, or at least are presumed to know, the law in that regard."

■ It is no doubt the law, that where the affairs, assets and equipment of corporations are intermingled and confused, that in so far as persons who contract with them are concerned the corporations conduct a single business. It was so held in the North Dakota case of Mahanna et al. v. Westland Oil Company et al., (N.D.) 107 N.W.2d 353. This Court, speaking through Judge Burke, states:

"Most of the cases in which the facts have been found sufficient to disregard corporate entities deal with parent and subsidiary corporations. They deal with situations where one corporation owns a controlling interest in the stock of another and through its officers so manages the subsidiary that it becomes a mere instrumentality or adjunct of the parent. Fletcher, Cyclopedia of Corporations, Chapt. 2 Sec. 43. While in this case we do not have the parent and subsidiary relationship, we do have two corporations, under the control of a single individual, managed in such a manner that they became instrumentalities, adjuncts and agents of each other and in their relations with their customers identical or indistinguishable in fact. The reasons for disregarding the corporate entities in such a case are the same as exist in the cases where a subsidiary becomes indistinguishable from the parent corporation. We think therefore that, in this case, the separate corporate entities should be disregarded and that the debts incurred by the business conducted in their names should be considered joint and several obligations of the two corporations. Pfaffenberger v. Pavilion Restaurant Co., 352 Mich. 1, 88 N.W.2d 488. It was error therefore to dismiss the defendant, Lawrence's counterclaim."

This case is supported by the case of Herman v. Mobile Homes Corporation, 317 Mich. 233, 26 N.W.2d 757, and to some extent by Pfaffenberger v. Pavilion Restaurant Co., 352 Mich. 1, 88 N.W.2d 488. However, in both of these Michigan cases there was a parent corporation and a subsidiary corporation, and in the Pfaffenberger case an agency was alleged.

■ Section 9–03–09 of the North Dakota Century Code defines "Constructive fraud" as follows:

"1. In any breach of duty which, without any actually fraudulent intent, gains an advantage to the person in fault or anyone claiming under him, by misleading another to his prejudice or to the prejudice of anyone claiming under him; or

"2. In any such act or omission as the law specially declares to be fraudulent without respect to actual fraud."

23 American Jurisprudence at page 756 states:

"Constructive fraud, sometimes called legal fraud, is nevertheless fraud, although it rests upon presumption and rests less upon furtive intent than does moral fraud. It is presumed from the relation of the parties to a transaction or from the circumstances under which it takes place. * * * Hence, the terms 'constructive fraud' and 'legal fraud' both connote that in certain circumstances, one may be charged with the consequences of his words and acts, as though he has spoken or acted fraudulently, although, properly speaking, his conduct does not merit this approbrium."

It further stated that:

" * * * the term 'legal' fraud * * is generally used to characterize a misrepresentation made without knowledge of its falsity."

The difficulty with plaintiffs' position is that there is no allegation in the complaint, nor is there any supporting evidence that has been submitted by the plaintiffs on the motion for summary judgment to show that there was any reliance by the plaintiffs upon the liability of the Mandan corporation being the liability of the three other corporations and the individuals named as defendants.

It is stated in Bartle v. Home Owners Cooperative, Inc., a New York case, reported in 309 N.Y. 103, 127 N.E.2d 832:

" * * * the doctrine of 'piercing corporate veil' is invoked 'to prevent fraud or to achieve equity' * * *. But in the instant case there has been neither fraud, misrepresentation nor illegality. Defendant's purpose in placing its construction operation into a separate corporation was clearly within the limits of our public policy."

The case of Kingston Dry Dock Co. v. Lake Champlain Transp. Co., 2 Cir., 31 F.2d 265, is applicable to the situation here, where in that case Judge Learned Hand stated:

"All that has really happened is that the libelant, being dissatisfied with the credit of the company with which it dealt now seeks to involve its creature, on the notion that the whole enterprise was single in all its aspects. So long as the law allows associated groups to maintain an independent unity, its sanction is not so easily evaded, and persons dealing with either do so upon the faith of the undertaking of that one which they may select. * * * The libelant has been disappointed, not in failing to get the promise which it supposed, but in its performance, a risk inherent in any contract. True, it also got an obligation in rem, from which it has had small benefit, but the law makes no provision for creditors out of the assets of those who have themselves made no undertaking."

There is in this case not the slightest intimation that there was anything unfair or fraudulent in the conduct of the defendant corporations or of the individuals who are named as defendants or that one of the corporations was used as a cover for the others for any ulterior purpose. Neither is there any showing that the plaintiffs relied upon any previous dealings with the corporations or individuals that could lead them to believe that they were dealing with one entity. See Bergenthal v. State Garage & Trucking Co. et al., 179 Wis. 42, 190 N.W. 901. Neither has the business conduct of the four corporations been so intermingled and confused in so far as the public was concerned that the four corporations conducted a single business or that the four corporations were merely fronts for the individuals named as defendants and who are the moving parties.

Therefore, the judgment of dismissal of plaintiffs' cause of action against those defendants moving for summary judgment herein is affirmed.

BURKE, C. J., and TEIGEN and ERICKSTAD, JJ., concur.

STRUTZ, J., deeming himself disqualified did not participate, Honorable CLIFFORD SCHNELLER, one of the judges of the Third Judicial District, sitting in his stead.

KNUDSON, J., not having been a member of the Court at the time of the submission of the case, did not participate.