WRIGHT v WHITE BIRCH PARK, INC

Docket No. 56247. Submitted April 19, 1982, at Lansing.—Decided
August 23, 1982. Leave to appeal applied for.

James T. Wright, while a resident of White Birch Trailer Park,
was injured in an altercation with Bus White and Michael
Bardoni. Wright filed a complaint in Saginaw Circuit Court for
damages for those injuries against White Birch Park, Inc., Bus
White, and Michael Bardoni. Wright's original complaint al-
leged that the individual defendants willfully and maliciously
assaulted and beat him 'and that the individual defendants
were acting on behalf of the corporate defendant within the
scope of their employment. A copy of the original complaint
was forwarded by Bardoni to Home Indemnity Company, which
had issued to Bardoni a homeowner's policy of insurance. Home
Indemnity caused an appearance to be issued on behalf of
Bardoni. That appearance was issued under a reservation of
rights. Thereafter, that appearance was withdrawn by Home
Indemnity upon stipulation of counsel. Bardoni was notified of
the withdrawal of the appearance. Plaintiff thereafter amended
his complaint to include a count sounding in negligence. Home
Indemnity never was served or given a copy of the amended
complaint. The corporate defendant and Bus White settled with
plaintiff. A default was entered against Bardoni and subse-
quently a default judgment was entered. Plaintiff brought a
garnishment action against Home Indemnity for the entire
amount of the judgment entered against Bardoni. Home Indem-
nity moved for summary judgment on the basis that the
conduct alleged in the original and amended complaints fell
within the provisions of the Bardoni policy which excluded
coverage where the injury arose out of a business pursuit of the
insured or where the injury was either expected or intended by

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am Jur 2d, Insurance § 1405 *et seq.*
[2] 43 Am Jur 2d, Insurance § 588.
  Accident insurance: death or injury intentionally inflicted by an-
  other as due to accident or accidental means. 49 ALR3d 673.
[3] 61A Am Jur 2d, Pleadings § 231.
  73 Am Jur 2d, Summary Judgment §§ 12 *et seq.*, 26.

the insured. Plaintiff moved for summary judgment. Gary R. McDonald, J., granted Home Indemnity's motion and denied plaintiff's. Plaintiff appeals. *Held:*

1. The duty of an insurer to defend an action against its insured is to be determined from the allegations in the complaint in the action against the insured, unless the insurer knows that the true, but unpleaded, factual basis for the claim brings it within the coverage of the policy. The allegations in the complaint and amended complaint clearly bring plaintiff's claims within both or at least one of the policy exclusions. While Bardoni's statement to Home Indemnity during the company's investigation would tend to establish a factual basis which would defeat the application of the business activities exclusion, that same statement clearly establishes that the "*expected or intended*" injury exclusion would apply, since Bardoni could reasonably expect an injury to result from the repeated blows he struck following his voluntary entry into the affray.

2. The trial court properly denied plaintiff's motion for summary judgment.

Affirmed.

1. INSURANCE — ACTIONS AGAINST INSURED — DUTY TO DEFEND.

The obligation of a liability insurance company to defend an action brought against its insured by a third party is to be determined by the allegations of the complaint in the third-party action; however, the duty to defend includes the situation where the insurer knows of a true but unpleaded fact or set of facts that would bring the claim within the coverage of the policy.

2. INSURANCE — EXCLUSIONS FROM COVERAGE — INTENTIONAL INJURIES — EXPECTED INJURIES.

An injury to a third party resulting from blows struck by an insured following the voluntary entry into an affray by the insured falls within an exclusion from coverage which provides that the insurance policy will not apply to injuries "which are either expected or intended from the standpoint of the insured".

3. MOTIONS AND ORDERS — SUMMARY JUDGMENT — PLEADING.

A court, in considering a motion for summary judgment, must consider the moving party's allegations and evidence in the light most favorable to the party opposing the motion and resolve every reasonable doubt in favor of the party opposing the motion; the court may consider pleadings, affidavits, deposi-

tions, admissions, and documentary evidence (GCR 1963, 117.2[3]).

*Thomas D. Burkhart,* for plaintiff.

*Davidson, Breen & Doud, P.C.,* for garnishee defendant.

Before: M. J. KELLY, P.J., and CYNAR and G. R. COOK,* JJ.

CYNAR, J. Plaintiff appeals as of right from the denial of his motion for summary judgment and the granting of garnishee defendant's cross motion for summary judgment on January 26, 1981, pursuant to GCR 1963, 117.2(3) (no genuine issue of material fact).

## I

Plaintiff contends that the trial court erred in granting summary judgment to the garnishee defendant. Plaintiff admits that the complaint relied solely on a theory of intentional misconduct with respect to his claim against Bardoni but claims that the insurance company had facts available to it that took the case out of the policy exclusions, thereby obligating Home Indemnity to defend the suit and cover the loss. This claim does not succeed because, even when taking as true the facts relied on by plaintiff, the policy exclusion of expected or intended damage remains applicable.

In reaching this result, we adopt the opinion of the trial court which states in pertinent part as follows:

"Plaintiff James T. Wright and garnishee defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Home Indemnity Company filed motions for summary judgment and said motions were brought on for hearing on July 10, 1980 and at the conclusion of said motions this court did take these motions under advisement in order to allow counsel to file briefs in support of their respective positions and the court having received same and now being fully advised;

"This cause of action evolves from a complaint filed on June 13, 1975 by plaintiff against the principal defendants, White Birch Park, Inc., a Michigan corporation and Bus White and Michael I. Bardoni. The complaint sought damages from the abovesaid principal defendants for injuries incurred by plaintiff as a result of an altercation between plaintiff and principal defendants White and Bardoni which occurred on premises owned by principal defendant White Birch Park, Inc.

"The original complaint was later amended on July 20, 1975 and set forth a count sounding in negligence against principal defendant White Birch Park, Inc., and its employees, principal defendants White and Bardoni; and a second count sounding in the tort of assault and battery against the principal defendants White and Bardoni. Each count contains a paragraph numbered 5 which alleges:

" 'In all manners and things hereinafter alleged, said defendants White and Bardoni were acting in behalf of said corporation (White Birch Park, Inc.) within the scope of their employment, agency, service and authorities, both express and implied.' (Parentheses added for clarity.)

"Subsequent to service of the original complaint and summons in this matter, garnishee defendant, Home Indemnity caused an appearance to be filed on behalf of defendant Bardoni. This appearance was filed under a reservation of rights. The abovesaid appearance was subsequently withdrawn upon stipulation of plaintiff and defense counsel. Defendant Bardoni was notified of the withdrawal of appearance by both garnishee defendant Home Indemnity Company and the attorneys for said company. The amended complaint herein was never served or given to garnishee defendant, Home Indemnity Company.

"A default was subsequently entered against defendant Bardoni and judgment was taken on the default. Plaintiff now seeks to garnish Home Indemnity Company for the total judgment entered against defendant Bardoni.

"Plaintiff has filed a motion for summary judgment on the garnishment action claiming that defendant Bardoni's cause of action as filed by plaintiff, does not fall within the policy exclusions raised by garnishee defendant, Home Indemnity Company.

"Garnishee defendant Home Indemnity Company also moves for summary judgment based upon the defense that the conduct alleged in the complaint and amended complaint, as filed by plaintiff, clearly falls within the exclusions set forth in the policy which state in part:

" 'This policy does not apply * * * (sub d) to bodily injury or property damage arising out of business pursuits of any insured except activities which are ordinarily incident to non-business pursuits * * * (sub f) to bodily injury or property damage which is either expected or intended from the standpoint of the insured.'

"The duty of an insurer to defendant the insured depends upon the allegations in the complaint of the third party in his or her action against the insured. *Guerdon Industries, Inc v Fidelity & Casualty Co of New York,* 371 Mich 12 [123 NW2d 143] (1963), *Dochod v Central Mutual Ins Co,* 81 Mich App 63 [164 NW2d 122] (1978).

"An insurer's duty to defend is predicated not on facts disclosed by an insurer's independent investigation which indicates or even proves noncoverage, but only upon allegations in the complaint against the insured. *Dochod, supra.*

"In the case of *Lee v Aetna Casualty & Surety Co,* 178 F2d 750, 751 (CA 2, 1949) Judge Learned Hand stated the duty to defend means

" 'that the insurer will defend the suit, if the injured party states a claim, which, *qua* claim, is for an injury "covered" by the policy; it is the claim which determines the insurer's duty to defend; and it is irrelevant that the insurer may get information from the insured,

or from any one else, which indicates, or even demonstrates, that the injury is not in fact "covered".

"Michigan recognized an exception to the abovesaid general rule in *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 5 [235 NW2d 42] (1975) wherein the Court adopted the following:

" ' "It is a general rule that the duty of the insurer to defend an action against an insured is to be determined from the allegations of the complaint, *Lee v Aetna Casualty & Surety Co,* 178 F2d 750 (CA 2, 1949), Anno: 51 ALR2d 461, *unless the insurer knows that the true, but unpleaded, factual basis for the claims brings them within the coverage of the policy." Alburquerque Gravel Products Co v American Employers Ins Co,* 282 F2d 218, 220 (CA 10, 1960) (emphasis added).'

"An examination of the allegations in the complaint and amended complaint clearly support garnishee, defendant's position that all of plaintiff's claims fall within both or at least one of the policy exclusions.

"The only matter to be resolved is whether plaintiff's position that the facts of this case fall within the abovesaid *Kangas (supra)* exception has merit.

"An examination of the statement given by defendant Bardoni to his insurer, garnishee defendant Home Indemnity Company on September 6, 1975 in essence reveals that Bardoni worked part-time for his father-in-law, defendant White, on the corporate premises of defendant White Birch Park, Inc. The statement further reveals that Bardoni's duties were to 'set up trailers put on skirts and did whatever was necessary when I worked at the park.' The defendant Bardoni further states 'I am not sure if I worked that day at the park or not.'

"The statement further reveals that Bardoni was in a fight and gives the following account by Bardoni:

" 'This man with Jim said he was going to kick someone's ass. I stepped up as I thought he was going to hit my father-in-law who * * * was already been beat up by Jim Wright. He was going to swing, so I hit him in the face and he went down as I knocked him out. Jim Wright then came after me and grabbed my legs.

We both went down and we were fighting on the ground. I got loose and I was hitting him when he said he had enough so I stopped.'

"The abovesaid statement appears to be the only independent knowledge outside that of the complaint garnishee defendant Home Indemnity Company had of the incident.

"At best, the statement of defendant Bardoni may refute that he was acting as an employee of defendant White Birch Park, Inc., on the day in question. However, the statement clearly shows that defendant Bardoni voluntarily entered into a fight on behalf of his father-in-law and intended to land blows and take whatever other action he deemed necessary to carry out that defense. Such an intention may have been a sufficient defense in a criminal action against Bardoni on a charge of assault and battery however it hardly negates the fact that he voluntarily entered into a fight and intended to land blows, which he accomplished.

"The abovesaid facts in this case are clearly distinguishable from the facts set forth in the *Kangas* decision. Defendant Bardoni's statement, if believed and proved in a court of law would fall under the noncoverage provision of garnishee defendant Home Indemnity Company's policy which again in part states:

" 'This policy does not apply * * * (sub f) to bodily injury or, property damage *which is either expected or intended from the standpoint of the insured.'* (Emphasis mine.)

"Plaintiff's argument and case law support that the defendant Bardoni intended the act of throwing a blow but did not intend the resultant injury resulting from said blows is not applicable to the facts of this case. The abovesaid exclusion includes injuries which are 'either expected or intended from the standpoint of the insured.' Clearly a reasonable person could 'expect' injury to a person that repeatedly receives blows from fists thrown to a point where that person states he 'had enough'.

"Garnishee defendant's motion for summary judgment is granted for the reasons stated above."

II

Plaintiff also contends that the trial court erred in denying plaintiff's motion for summary judgment under GCR 1963, 117.2(3).

On a motion for summary judgment, the court must consider the moving party's allegations and evidence in the light most favorable to the party opposing the motion. *McLaughlin v Consumers Power Co,* 52 Mich App 663; 218 NW2d 122 (1974). Every reasonable doubt must be resolved in favor of the party opposing the motion. *Id.* The court may consider pleadings, affidavits, depositions, admissions, and documentary evidence. *DeMare Brothers Construction Co, Inc v Teska,* 49 Mich App 642; 212 NW2d 602 (1973).

Plaintiff's total documentary evidence, considered in the light most favorable to garnishee defendant, posed disputed issues of material fact precluding summary judgment in plaintiff's favor. Plaintiff's motion could have been granted only if no issue of material fact existed with respect to both the business pursuits exclusion and the intentional or expected injury exclusion. Although Bardoni's affidavit, which was filed in support of plaintiff's motion, alleged that he was not working for White Birch Park at the time of the incident, the trial court properly considered plaintiff's allegations in his initial and amended complaints, which clearly alleged agency on behalf of White Birch Park. This contradiction itself created an issue of material fact, since plaintiff's motion was predicated on his rights as a judgment creditor to succeed to Bardoni's contractual rights. *Allor v Dubay,* 317 Mich 281; 26 NW2d 772 (1947). If garnishee defendant was entitled to rely on plain-

tiff's initial allegations to deny coverage under the policy, this right remained unchanged despite Bardoni's affidavit made years later. Therefore, plaintiff's motion for summary judgment was properly denied.

Affirmed.