YOTHER v McCRIMMON

Docket No. 79454. Submitted March 6, 1985, at Grand Rapids.—
Decided September 6, 1985.

Defendant, Michael C. McCrimmon, pled guilty to a charge of aggravated assault in connection with an incident in which he hit plaintiff, Paul W. Yother, with a tire iron during an argument at the defendant's residence. Plaintiff thereafter filed a complaint against defendant in the Barry Circuit Court seeking to recover damages for the injuries he allegedly sustained as a result of the assault. Defendant then requested his homeowner's insurance carrier, Auto Club Insurance Association, to provide representation in the suit and coverage in the event of an adverse verdict. The trial court, Hudson E. Deming, J., thereafter granted Auto Club's motion for leave to intervene to file a complaint for a declaratory judgment regarding its obligations under its insurance policy. Defendant then filed a cross-complaint against Auto Club seeking representation and coverage under the policy. Auto Club then brought a motion for summary judgment which the trial court granted. The trial court found that defendant intended both his conduct and the resulting injury to the plaintiff. This finding was premised on plaintiff's plea-based conviction of aggravated assault. The court determined that defendant failed to state a valid defense against Auto Club's claim that an exclusion in its policy, for bodily injury or damage which is either expected or intended from the standpoint of the insured, applied to relieve it of any obligation to the defendant. The court also found that defendant's cross-complaint failed to state a claim upon which relief could be granted. Defendant appeals from the order granting Auto Club summary judgment. *Held:*

1. The injury sustained by plaintiff was the natural, foresee-

REFERENCES

Am Jur 2d, Automobile Insurance §§ 126 *et seq.*
Am Jur 2d, Evidence §§ 334, 335.
Am Jur 2d, Insurance §§ 380 *et seq.*
Am Jur 2d, Summary Judgment §§ 26 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Automobile Insurance; Insurance; Similar Acts or Facts.

able, and expected result of defendant's intentional act of wielding a tire iron. This conduct was therefore outside of the scope of coverage of the instant policy. Summary judgment was proper under the facts of the case.

2. The trial court did not err in considering defendant's plea-based conviction of aggravated assault in determining that defendant intended to injure the plaintiff.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — PLEADING.

A court, in considering a motion for summary judgment on the ground that except as to the amount of damages there is no genuine issue as to any material fact, must consider the evidence in the light most favorable to the party opposing the motion and give the party opposing the motion the benefit of any reasonable doubt; the court may consider pleadings, affidavits, depositions, admissions, and other documentary evidence then available to it (GCR 1963, 117.2[3]).

2. EVIDENCE — TRIAL — CIVIL TRIAL — CRIMINAL CONVICTION — SUBSTANTIVE EVIDENCE — INSURANCE.

The use of a defendant's criminal conviction as proof of the defendant's culpability in a civil action arising out of the same criminal occurrence is prohibited; however, the use of such conviction by the defendant's insurer in a pretrial proceeding to determine whether the insurer may deny coverage to the defendant, pursuant to an insurance policy exclusion which denies coverage for injuries which are either expected or intended from the insured's standpoint, is proper where the defendant is not being sued by the insurer for damages and his conviction is not being offered by the insurer as proof of liability in the civil suit.

*Bruce L. Struble,* for Michael C. McCrimmon.

*Sullivan, Hamilton, Ryan & Schulz* (by *Mark E. Kreter),* for Auto Club Insurance Association.

Before: HOOD, P.J., and MACKENZIE and R. D. DUNN,* JJ.

PER CURIAM. Plaintiff's minor son rode the same school bus as defendant's two stepdaughters. De-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

fendant's stepdaughters complained to defendant on numerous occasions that plaintiff's son would pinch and harass them on the bus while en route to school. When the boy's behaviour persisted, defendant approached the youth and threatened to break his "damn little arms" unless he left the girls alone.

Later that same evening plaintiff drove to defendant's residence and confronted defendant. Following a short exchange of words, plaintiff grabbed defendant by the shirt and pushed his back up against the exterior wall of defendant's garage. In response defendant threw plaintiff to the ground, grabbed a tire iron from the floor of the garage, and, when plaintiff got to his feet, struck him with the iron on the left side of the head. Plaintiff fell to the ground, dazed, but was later able to leave defendant's property under his own power. Defendant pled guilty to a charge of aggravated assault in connection with this incident.

Plaintiff thereafter filed a complaint against defendant to recover damages for the injuries he sustained as a result of the assault. Upon receipt of the complaint, defendant contacted Auto Club Insurance Association (Auto Club) and requested both representation and coverage on the basis of a homeowner's insurance policy then in effect. Under "Coverage E" of the policy, Auto Club had agreed to defend any lawsuit against defendant which sought damages for personal injury and, further, to pay for those damages in the event defendant became legally obligated to do so. The policy, however, contained the following exclusion —"This policy does not apply: 1. Under Coverage E—Personal Liability * * * f. to bodily injury or property damage which is either expected or intended from the standpoint of the Insured." Pursuant to this exclusion, Auto Club, after the trial

court granted its motion for leave to intervene to file a complaint for declaratory relief, filed a complaint for declaratory relief in which it denied any obligation or responsibility toward defendant in connection with his intentional assault in the principal action. Defendant then filed a cross-complaint against Auto Club seeking representation and coverage. Auto Club thereafter filed a motion for summary judgment which was granted by the court on May 29, 1984. In its order the court found that defendant intended both his conduct and the resulting injury to plaintiff. This finding was premised on defendant's plea-based conviction of aggravated assault. Defendant appeals as of right from the court's order granting summary judgment in favor of Auto Club.

Defendant first contends that summary judgment was improper as a question of fact existed under the language of the exclusion clause as to whether defendant intended to injure plaintiff. Defendant concedes that he intended to hit plaintiff with the tire iron but argues that he acted in self defense with the sole intention of protecting himself.

In passing on a motion for summary judgment under GCR 1963, 117.2(3), a court may consider pleadings, affidavits, depositions, admissions, and other documentary evidence then available to it. *Wright v White Birch Park, Inc,* 118 Mich App 639, 646; 325 NW2d 524 (1982). The evidence must be considered in the light most favorable to the party opposing the motion. This same party should also be given the benefit of any reasonable doubt. *Wright, supra.*

Viewing the evidence in a light most favorable to defendant, we agree that summary judgment was proper under the facts of this case. The exclusion in defendant's homeowner's policy includes

injuries which are either "expected or intended" from defendant's standpoint. The injury sustained by plaintiff was the natural, foreseeable, and "expected" result of defendant's intentional act of wielding a tire iron. This conduct was therefore outside of the scope of coverage of the instant policy. *Wright, supra,* p 645. See *Group Ins Co of Michigan v Morelli,* 111 Mich App 510, 516; 314 NW2d 672 (1981), *Iacobelli Construction Co, Inc v The Western Casualty & Surety Co,* 130 Mich App 255, 264; 343 NW2d 517 (1983), and *Farm Bureau Mutual Ins Co v Rademacher,* 135 Mich App 200; 351 NW2d 914 (1984).

Defendant next contends that the trial court improperly considered his plea-based conviction of aggravated assault in determining that defendant intended to injure plaintiff. We do not agree.

The use of defendant's plea-based conviction under these circumstances must be factually distinguished from the situation where a defendant's criminal conviction is offered against him as proof of culpability in a civil action arising out of the same criminal occurrence, *e.g.,* if plaintiff herein were to offer defendant's conviction in the principal action as proof that defendant was liabile for damages. Such a use is prohibited. *Wheelock v Eyl,* 393 Mich 74, 79; 223 NW2d 276 (1974). Rather, in the instant case, defendant's conviction was advanced by his insurer in a pretrial proceeding to deny coverage under an insurance contract. *Imperial Kosher Catering, Inc v The Travelers Indemnity Co,* 73 Mich App 543, 545; 252 NW2d 509 (1977). Compare *Danish Inn, Inc v Drake Ins Co of New York,* 126 Mich App 349; 337 NW2d 63 (1983). Defendant was not being sued by the insurer for damages, nor was his conviction being offered by the insurer as proof of liability in a civil suit. We find no error.

Affirmed.