TRANSAMERICA INSURANCE COMPANY v ANDERSON

Docket No. 92265. Submitted February 3, 1987, at Detroit. Decided April 21, 1987.

Transamerica Insurance Company brought an action in the Oakland Circuit Court against Vivian Anderson, as personal representative of the estate of Joann Anderson and as next friend of Anthony C. Anderson, a minor, Cheryl Howard, Robert L. Howard and Evelyn Howard. Plaintiff sought a declaration that, under the terms of its homeowner's policy issued to Robert L. Howard and Evelyn Howard, plaintiff was under no duty to defend the Howards in a civil suit brought against them by Vivian Anderson in her representative capacity following Cheryl Howard's guilty plea to a charge of voluntary manslaughter stemming from the stabbing death of Joann Anderson. The trial court, Robert L. Templin, J., granted summary disposition in favor of plaintiff. Defendant Vivian Anderson appealed.

The Court of Appeals *held:*

1. Both an intentional act and an intentionally caused injury are required before an insurer is relieved of its duty to defend or provide coverage where liability arising out of "injury, sickness, disease, death or destruction caused intentionally by or at the direction of the insured" is excluded from coverage. Where, as in this case, the injury or resulting death was the natural, anticipated and expected result of the insured's intentional act, a court may presume that both act and result were intended and that the exclusionary clause applies.

2. No error resulted from the trial court's consideration of

REFERENCES

Am Jur 2d, Evidence §§ 727, 1408 *et seq.*

Am Jur 2d, Insurance §§ 334 *et seq.*; 985.

Construction and application of provision of liability insurance policy expressly excluding injuries intended or expected by insured. 31 ALR4th 957.

Consequences of liability insurer's refusal to assume defense of action against insured upon ground that claim upon which action is based is not within coverage of policy. 49 ALR2d 694.

See also the annotations in the Index to Annotations under Evidence Rules.

Cheryl Howard's criminal conviction. While evidence of her conviction may not be used in the underlying action to establish her civil liability, it may be used in this declaratory action to determine whether plaintiff has a duty to defend her in the underlying action.

3. No material issue of fact existed regarding Cheryl Howard's intent. Evidence of her conviction established the nature of her conduct and defendant Vivian Anderson provided no facts from which a reasonable trier of fact could have concluded otherwise.

Affirmed.

1. INSURANCE — EXCLUSIONS — INTENTIONAL ACTS AND INJURIES.

An insurance policy provision which excludes liability coverage for "injury, sickness, disease, death or destruction caused intentionally by or at the direction of the insured" is effective only where there is both an intentional act and an intentionally caused injury.

2. EVIDENCE — CIVIL ACTIONS — CRIMINAL CONVICTIONS — INSURANCE.

Evidence of a defendant's criminal conviction may not be used to prove liability for damages in a civil action, but may be used in a declaratory action to determine whether the defendant's liability insurer may deny coverage pursuant to an insurance policy provision which denies coverage for injuries caused intentionally by or at the direction of the defendant insured.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.* (by *Ronald A. Weglarz*), for plaintiff.

*Canner & Bloom, P.C.* (by *Richard I. Bloom*), for defendant.

Before: WAHLS, P.J., and M. J. KELLY and C. W. SIMON,* JJ.

PER CURIAM. Defendant Vivian Anderson, as personal representative of the estate of Joann Anderson and as next friend of Anthony Cyril Anderson, appeals as of right from an order of summary disposition entered April 15, 1986. The

* Circuit judge, sitting on the Court of Appeals by assignment.

trial court granted plaintiff, Transamerica Insurance Company, a judgment declaring that it had no duty to defend defendants Cheryl Howard, Robert L. Howard and Evelyn Howard in an action brought against them by defendant Anderson. We affirm.

Plaintiff had issued a homeowner's insurance policy to Robert and Evelyn Howard. Their daughter, Cheryl Howard, resided with them when, on June 30, 1979, while the policy was in effect, she stabbed to death Joann Anderson. Cheryl Howard subsequently pled guilty to voluntary manslaughter, MCL 750.321; MSA 28.553, and her conviction has since been affirmed by this Court.

Defendant Anderson, in her representative capacity, filed an action for civil damages against the Howards and several others, alleging in the alternative that Cheryl Howard either intentionally (with malice and intent to kill or cause great bodily harm) or negligently caused the death of Joann Anderson. The homeowner's policy issued by Transamerica to the Howards provided for comprehensive personal liability coverage, limited by the standard exclusion for personal liability arising out of "injury, sickness, disease, death or destruction caused intentionally by or at the direction of the insured." In response to the underlying lawsuit, plaintiff filed this declaratory action, which only Vivian Anderson answered. The trial court granted summary disposition and defendant Anderson now appeals as of right.

The sole issue is whether the trial court erred in relying upon Cheryl Howard's voluntary manslaughter conviction as a basis for concluding that there was no material issue of fact in dispute as to whether Joann Anderson's injuries and death had been intentionally caused by the insured. Defendant argues that her complaint in the underlying

action states an alternative theory of negligence, thus placing in issue the nature of Cheryl Howard's conduct.

In *Linebaugh v Berdish,* 144 Mich App 750, 755; 376 NW2d 400 (1985), we interpreted identical exclusionary language and held that such a provision "requires both an intentional act and an intentionally caused injury," before the insurer is relieved of its duty to defend or provide coverage. Where the injury or resulting death is the natural, anticipated and expected result of an intentional act, courts may presume that both act and result are intended and an exclusionary clause such as contained in the instant policy applies. 144 Mich App 755-758. See also *Kermans v Pendleton,* 62 Mich App 576; 233 NW2d 658 (1975), and *Wright v White Birch Park, Inc,* 118 Mich App 639, 645; 325 NW2d 524 (1982).

Defendant argues that a conviction for voluntary manslaughter may be obtained where the conduct causing the death of another is negligent and careless rather than intentional. We disagree. An essential element of the crime of voluntary manslaughter is the intent to kill or the intent to do serious bodily harm. *People v Townes,* 391 Mich 578, 589; 218 NW2d 136 (1974); *People v Delaughter,* 124 Mich App 356, 360; 335 NW2d 37 (1983). Since Cheryl Howard must have intended the injury (death) in order to have been convicted of voluntary manslaughter, we can only conclude that her act of stabbing the deceased was intentional as well. In this context, we find no real distinction between act and injury. See *Kermans, supra,* and *Farm Bureau Mutual Ins Co v Rademacher,* 135 Mich App 200; 351 NW2d 914 (1984).

Defendant also argues that the trial court may not, for purposes of this civil action, consider Cheryl Howard's criminal conviction obtained by plea rather than by trial. Defendant relies on

*Wheelock v Eyl,* 393 Mich 74; 223 NW2d 276 (1974), which involved use of evidence of a criminal conviction to prove liability for damages in a civil action. As has recently been explained by another panel of this Court, the rule announced in *Wheelock* does not apply in a proceeding to determine insurance coverage. See *Yother v McCrimmon,* 147 Mich App 130, 134; 383 NW2d 126 (1985). While evidence of Cheryl Howard's conviction may not be used in the underlying action to establish her civil liability, it may be used in this declaratory action to determine whether plaintiff has a duty to defend her in the underlying action. The fact that Cheryl Howard's conviction was obtained by plea rather than by trial does not change this ruling.

Finally, defendant argues that the trial court improperly relied upon the doctrine of collateral estoppel in concluding that the criminal proceedings decided the issue of Cheryl Howard's intent for purposes of this declaratory action. However, we do not believe that the trial court applied the principle of collateral estoppel in granting plaintiff's motion for summary disposition. Instead, the court simply looked to the underlying complaint to determine whether there was a duty to defend plaintiff's insured. The critical issue was whether there was any factual dispute regarding Cheryl Howard's intent in causing the death of Joann Anderson. Evidence of her conviction for voluntary manslaughter established the intentional nature of her conduct. On the other hand, defendant Anderson provided no facts from which a reasonable trier of fact might infer that the death was negligently caused. The court concluded that there was no material issue of fact in dispute regarding Cheryl Howard's intent and granted summary disposition on that basis.

Affirmed.