## AETNA CASUALTY & SURETY COMPANY v SPRAGUE

Docket No. 95460. Submitted July 9, 1987, at Lansing. Decided August 7, 1987.

Charles Sprague killed Marlene Wayne by beating her into unconsciousness and beheading her with a hacksaw. He was charged in Oakland Circuit Court with first-degree murder. Following trial, he was found guilty but mentally ill. Robert J. Davis, personal representative of the estate of Marlene Wayne, filed a wrongful death action against Sprague and his father, Duane Sprague. Aetna Casualty & Surety Company, which had issued a homeowner's policy to Duane Sprague, retained counsel to defend Duane Sprague but filed a declaratory judgment action in Oakland Circuit Court naming Charles Sprague and Robert J. Davis as defendants and seeking a judgment that Aetna had no duty to defend or provide coverage to Charles Sprague under the policy. Aetna argued that an exclusion in the insurance policy denied coverage for bodily injuries expected or intended by the insured and that the injury and death inflicted on Marlene Wayne was expected or intended by Charles Sprague, as shown by his conviction. Defendant Davis responded that the estate's claim was based on Charles Sprague's negligence in failing to take his medication and pursue psychiatric treatment and that it was that negligence that was the proximate cause of Wayne's death. Aetna moved for summary disposition on the ground that there was no genuine issue of material fact. The court, Fred M. Mester, J., granted Aetna's motion for summary disposition. Defendant Robert Davis appealed.

The Court of Appeals *held:*

Sprague's conviction of first-degree murder establishes that Sprague intended or at least expected that Wayne would die.

REFERENCES

Am Jur 2d, Homicide § 114.

Am Jur 2d, Summary Judgment §§ 12 *et seq.*

Comment Note.—Mental or emotional condition as diminishing responsibility for crime. 22 ALR3d 1228.

Consequence of liability of insurer's refusal to assume defense of action against insured upon ground that claim upon which action is based is not within coverage of policy. 49 ALR2d 694.

The estate's complaint alleging negligence on Sprague's part for failing to take his medication or pursue treatment is a transparent attempt to trigger insurance coverage by characterizing allegations of tortious conduct under the guise of negligent activity. Under these circumstances, there is no duty to defend or provide coverage to Charles Sprague. The trial court did not err in concluding, based on the conviction and the deposition evidence presented, that there was no genuine issue of material fact as to whether Sprague expected or intended to kill Marlene Wayne.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — ISSUES OF MATERIAL FACT.

A trial court when ruling on a motion for summary disposition on the ground that there is no genuine issue as to any material fact must review the entire record to determine whether there are facts to support the claim or defense asserted by the nonmoving party; the court is obligated to look beyond the pleadings and consider affidavits, depositions and interrogatories, and, based upon the entire record, the court must give the benefit of any reasonable doubt to the opposing party in determining whether there is a genuine issue of material fact; before granting the motion the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial (MCR 2.116[C][10]).

2. INSURANCE — WRONGFUL DEATH — DUTY TO DEFEND — FIRST-DEGREE MURDER — GUILTY BUT MENTALLY ILL.

A conviction of guilty but mentally ill on a charge of first-degree murder establishes that the defendant intended or expected the victim to die; in such a case, an exclusion in a homeowner's insurance policy excluding coverage to an insured for bodily injuries expected or intended by the insured precludes the insurer's duty to defend the guilty but mentally ill insured in a wrongful death action brought against the insured by the estate of the victim.

3. HOMICIDE — FIRST-DEGREE MURDER — MENTAL ILLNESS — INTENT.

A finding of mental illness does not, as a matter of law, negate malice aforethought in a prosecution for first-degree murder.

*Collins, Einhorn & Farrell, P.C.* (by *Dale J. McLellan* and *Noreen L. Slank*), for plaintiff.

*Chambers, Steiner, Mazur, Ornstein & Amlin,*

*P.C.* (by *Angela J. Nicita* and *Michael S. Mazur*), for defendant.

Before: M. J. KELLY, P.J., and BEASLEY and P. EDWARDS,* JJ.

PER CURIAM. This appeal concerns two other cases. On August 18, 1982, defendant Charles Sprague killed Marlene Wayne by beating her into unconsciousness and beheading her with a hacksaw. Sprague was charged with first-degree murder and pled not guilty by reason of insanity. He was found guilty but mentally ill. Subsequently, defendant Robert J. Davis, personal representative of the estate of Marlene Wayne (hereafter defendant), filed a wrongful death action against Sprague and his father, Duane Sprague. The complaint was later amended to add negligence and malpractice claims against various professionals who treated Sprague while he was under psychiatric care prior to the killing. Plaintiff, Aetna Casualty & Surety Company, had issued a homeowner's insurance police to Duane and Annabelle Sprague. On July 14, 1985, plaintiff filed the within action, seeking a declaratory judgment that it had no duty to defend or provide coverage to Charles Sprague under the policy. Plaintiff did not deny its duty to defend Duane Sprague. Pursuant to MCR 2.116(C)(10), plaintiff filed a motion for summary disposition on the grounds that there was no genuine issue of material fact. The Oakland Circuit Court granted the motion on September 5, 1986. Defendant now appeals as of right.

When a motion for summary disposition is premised upon the ground that there is no genuine issue as to any material fact, the trial court must

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

review the entire record to determine whether there are facts to support the claim or defense asserted by the nonmoving party. The court is obligated to look beyond the pleadings and consider affidavits, depositions and interrogatories. Based upon the entire record, the trial court must give the benefit of any reasonable doubt to the opposing party in determining whether there is a genuine issue of material fact. Before granting the motion, the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial.[1]

In this case, the issue over which plaintiff claimed there was no genuine issue of material fact was an exclusion in the insurance policy which denied coverage for bodily injuries "expected or intended" by the insured. Plaintiff claimed that the injury and death inflicted by defendant, Charles Sprague, on Marlene Wayne was expected or intended by Charles Sprague. To support the proposition that Sprague expected or intended to kill Wayne, plaintiff offered in evidence Sprague's conviction. Defendant, personal representative of the estate of Marlene Wayne, responded that his claim was based on Sprague's negligence in failing to take his medication and pursue prescribed psychiatric treatment, and that it was this negligence that was the proximate cause of Wayne's death. In support of this assertion, defendant relied upon excerpts from Duane Sprague's deposition.

While there is only one issue in this case, its analysis requires more than one step. First, it is true that the estate's complaint against Sprague alleged negligence in Sprague's failure to take his

---

[1] *Bennington Twp v Maple River Inter-County Drain Bd*, 149 Mich App 579, 584; 386 NW2d 599 (1986), quoting *Huff v Ford Motor Co*, 127 Mich App 287, 293; 338 NW2d 387 (1983).

medication or pursue treatment. On the other hand, it is clear that the true basis for the complaint is the fact that Sprague killed Wayne. If Sprague expected or intended that Wayne would die, then the complaint is a transparent attempt to trigger insurance coverage by characterizing allegations of tortious conduct under the guise of "negligent" activity. In such circumstances there would be no duty to defend or provide coverage.[2]

Second, defendant denies that Sprague's conviction demonstrates that he expected or intended Wayne's death. Similar issues have come before this Court before. In *Yother v McCrimmon*,[3] we held that a conviction of aggravated assault could be used to show that the insured intended to injure his victim. In *State Farm Fire & Casualty Co v Jenkins*,[4] we held that a plea of guilty to second-degree murder conclusively established that the insured expected death or serious bodily harm to result from his actions. It is true that in both of those cases the insured had pled guilty, whereas here Sprague did not plead guilty, but instead claimed that he was not guilty by reason of insanity. It seems to us, however, that the issue is not whether Sprague *admitted* his intent or expectation, but rather whether the conviction in the prior proceeding established it. Sprague was convicted of first-degree murder, a necessary element of which is the specific intent to kill.[5] This established that Sprague intended or at least expected that Wayne would die. Defendant's proofs in support of the opposite contention simply do not raise

---

[2] See *Linebaugh v Berdish,* 144 Mich App 750, 763; 376 NW2d 400 (1985).

[3] 147 Mich App 130, 134; 383 NW2d 126 (1985); see also *Transamerica Ins Co v Anderson,* 159 Mich App 441, 444; 407 NW2d 27 (1987).

[4] 147 Mich App 462, 468; 382 NW2d 796 (1985).

[5] *People v Langworthy,* 416 Mich 630, 650; 331 NW2d 171 (1982).

any question as to Sprague's intent at the time of the killing.

Finally, the fact that the jury found Sprague guilty but mentally ill does not weaken the authority of the conviction as establishing Sprague's intent or expectation. Our Supreme Court has declined to hold that a finding of mental illness negates malice aforethought as a matter of law.[6] The necessary inclusion of the specific intent element in the conviction remains the same.

The trial court did not err in concluding, based on the conviction and on the deposition evidence presented, that there was no genuine issue of material fact as to whether Sprague expected or intended to kill Wayne. Therefore, there was no duty to defend or provide coverage.

Affirmed.

---

[6] *People v Ramsey,* 422 Mich 500, 518; 375 NW2d 297 (1985).