LICHON v AMERICAN UNIVERSAL INSURANCE COMPANY

Docket No. 104078. Submitted June 9, 1988, at Lansing. Decided November 21, 1988. Leave to appeal applied for.

Defendant, American Universal Insurance Company, insured a party store owned by plaintiff, Dennis S. Lichon. The policy contained a clause which excluded coverage for losses occurring "while the hazard is increased by any means within the control or knowledge of the insured." Two fires damaged the party store and plaintiff filed a claim for his losses. Defendant refused to pay the claim. Plaintiff then brought an action in the Saginaw Circuit Court alleging that defendant wrongfully refused to pay the claim. Defendant moved for summary disposition based on plaintiff's conviction, following a plea of nolo contendere in a separate criminal action, to attempted burning of real property (the party store). The trial court, Leopold P. Borrello, J., granted defendant's motion. Plaintiff appealed.

The Court of Appeals held:

1. MRE 410 precludes the admission of evidence of a nolo contendere plea in proceedings which are brought against the person who made the plea, but not in proceedings which are brought by that person.

2. Michigan follows the majority position which differentiates between allowing the collateral use of the plea of nolo contendere as an admission of misconduct and allowing the collateral use of the fact of conviction and finds a conviction imposed after a plea of nolo contendere as conclusive as a conviction entered after a plea of guilty or entered after a plea of not guilty and a trial.

Affirmed.

SAWYER, J., dissented. He would not allow the use of evidence of plaintiff's nolo contendere plea to support the grant of defendant's motion for summary disposition. He would require defendant to establish the fact of arson at trial.

REFERENCES

Am Jur 2d, Evidence §§ 701, 702.
Plea of nolo contendere or non vult contendere. 89 ALR2d 540.
See the Index to Annotations under Nolo Contendere.

1. EVIDENCE — NOLO CONTENDERE PLEAS.

   Evidence of a nolo contendere plea made in criminal proceedings
   may not be admitted in civil proceedings thereafter brought
   against the person who made the plea; such evidence may be
   admitted in civil proceedings brought by the person who made
   the plea (MRE 410).

2. EVIDENCE — NOLO CONTENDERE PLEAS.

   The Michigan Supreme Court has adopted the majority position
   which differentiates between allowing the collateral use of a
   plea of nolo contendere as an admission of misconduct and
   allowing the collateral use of the fact of conviction and finds a
   conviction imposed after a plea of nolo contendere as conclusive
   as a conviction entered after a plea of guilty or after a plea of
   not guilty and a trial.

*Joseph J. Trogan,* for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy*
(by *Gregory E. Meter* and *Scott C. Strattard*), for
defendant.

Before: DANHOF, C.J., and SAWYER and D. R.
FREEMAN,* JJ.

DANHOF, C.J. Plaintiff appeals as of right from a
Saginaw Circuit Court opinion and judgment
which granted defendant's motion for summary
disposition. MCR 2.116(C)(10). We affirm.

Defendant issued an insurance policy which cov-
ered plaintiff's party store. The policy contained a
clause which excluded coverage for losses occur-
ring "while the hazard is increased by any means
within the control or knowledge of the insured."
Two fires damaged plaintiff's party store. Plaintiff
filed a claim for his losses. Plaintiff sued defendant
when defendant refused to pay the claim.

Criminal charges arising from the fires were
brought against plaintiff. Plaintiff pled nolo con-
tendere to attempted burning of real property,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MCL 750.73; MSA 28.268 and MCL 750.92; MSA 28.287. Plaintiff's plea was accepted and he was sentenced to one year in the county jail. Defendant moved for summary disposition based on plaintiff's plea-based conviction. The lower court granted defendant's motion. Plaintiff claims that the lower court erred in granting the motion.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the plaintiff's claim. The trial court must consider the entire record and give the nonmoving party the benefit of every reasonable doubt in determining whether there is a genuine issue of material fact. *Aetna Casualty & Surety Co v Sprague,* 163 Mich App 650, 653; 415 NW2d 230 (1987). The motion must not be granted unless it is impossible to support the claim at trial because of some deficiency which cannot be overcome. *Michigan National Bank—Oakland v Wheeling,* 165 Mich App 738, 743-744; 419 NW2d 746 (1988).

Plaintiff relies, in part, on MRE 410, which provides that evidence of a nolo contendere plea is not admissible in any civil or criminal proceeding against the person who made the plea. This provision could be interpreted to make evidence of a nolo contendere plea inadmissible against the person who made the plea in any proceeding by or against the person. One of the reasons for pleading nolo contendere is to minimize repercussions such as civil litigation. See *Guilty Plea Cases,* 395 Mich 96, 134; 235 NW2d 132 (1975), cert den 429 US 1108; 97 S Ct 1142; 51 L Ed 2d 561 (1977). However, this interpretation goes too far by allowing the use of a nolo contendere plea not only as a shield, but as a sword. We favor an interpretation of MRE 410 which would preclude the admission of evidence of a nolo contendere plea in proceedings which are brought against the person who

made the plea, but not in proceedings which are brought by that person.

The lower court granted defendant's MCR 2.116(C)(10) motion based on plaintiff's conviction. In a case concerning attorney discipline proceedings, *State Bar Grievance Administrator v Lewis,* 389 Mich 668; 209 NW2d 203 (1973), our Supreme Court adopted the majority position which differentiates between allowing the collateral use of a nolo contendere plea as an admission of misconduct and allowing the collateral use of the fact of a conviction. This position preserves the benefits of the nolo contendere plea to a defendant who fears subsequent civil liability based upon an admission of guilt to a criminal charge. At the same time, however, the majority position looks to the conviction and sentence imposed by the court after the plea and finds the conviction as conclusive as a conviction entered after a plea of guilty or entered after a plea of not guilty and a trial. There is no compelling reason to differentiate between a conviction entered after a nolo contendere plea and a conviction entered after any other plea. *Lewis, supra,* pp 680-681. This Court adopted *Lewis'* reasoning in a termination of parental rights case, and rejected the respondent's MRE 410 challenge to the admissibility of evidence of his conviction which was based on a nolo contendere plea. *In re Andino,* 163 Mich App 764; 415 NW2d 306 (1987).

An insurance company can deny coverage based on the insured's criminal conduct. *Sprague, supra; State Farm Fire & Casualty Co v Groshek,* 161 Mich App 703; 411 NW2d 480 (1987); *Transamerica Ins Co v Anderson,* 159 Mich App 441; 407 NW2d 27 (1987); *Yother v McCrimmon,* 147 Mich App 130; 383 NW2d 126 (1985); *State Farm Fire & Casualty Co v Jenkins,* 147 Mich App 462; 382 NW2d 796 (1985).

Defendant was convicted of attempted burning of real property. This conviction established defendant's violation of his insurance policy's exclusionary clause and bars his recovery for the damage which he caused. *Sprague, supra,* pp 654-655. It would be contrary to public policy and a mockery of justice to allow a convicted felon to profit from his crime. *Imperial Kosher Catering, Inc v The Travelers Indemnity Co,* 73 Mich App 543, 545-546; 252 NW2d 509 (1977).

Affirmed.

D. R. FREEMAN, J., concurred.

SAWYER, J. *(dissenting).* I respectfully dissent. While I can agree with the majority's observation that it would be "contrary to public policy and a mockery of justice to allow a convicted felon to profit from his crime," I cannot agree with the majority's conclusion that it is permissible to summarily dispose of plaintiff's claim based upon his nolo contendere plea. Nor, for that matter, am I convinced that a reversal of the summary disposition would necessarily result in the plaintiff ultimately prevailing.

In the instant case, the contract of fire insurance between the parties contained a clause excluding coverage of losses occurring "while the hazard is increased by any means within the control or knowledge of the insured." This language complies with the language of the Michigan standard policy. MCL 500.2832; MSA 24.12832. In concluding that there was no genuine issue of material fact that the instant case came within that exclusion, the trial judge relied upon plaintiff's earlier plea of nolo contendere to the charge of attempted burning of real property. However, MRE 410 provides, in pertinent part, as follows:

Except as otherwise provided in this rule, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer.

One of the principle reasons for the use of the plea of nolo contendere is to let a defendant minimize other repercussions of his plea, such as civil litigation. *In re Guilty Plea Cases,* 395 Mich 96, 134; 235 NW2d 132 (1975). To allow a trial judge to use a plea of nolo contendere in deciding a motion for summary disposition would, in fact, make the use of a nolo contendere plea in a criminal case meaningless.

I take specific exception to the majority's observation that disallowing the use of the nolo contendere plea in the case at bar would go "too far by allowing the use of a nolo contendere plea not only as a shield, but as a sword." The fact that plaintiff's nolo contendere plea may not be used to establish the fact that he burned the property in question would not, as the majority seems to imply, mandate plaintiff's recovery. Disallowing the use of the nolo plea would not serve as a sword for plaintiff to enforce the insurance contract. Rather, it is the majority's interpretation which would turn the nolo contendere plea into a sword—a sword for defendant to use to run through plaintiff. Such a use by defendant is precisely what the nolo contendere plea is designed to avoid.[1]

A defendant who wishes to resolve his criminal

---

[1] With respect to the majority's argument that the provision of MRE 410 that nolo contendere pleas are inadmissible "in any civil or criminal proceeding against the person who made the plea" applies only to proceedings against the person making the plea, I disagree. I

charges without jeopardizing his position in a civil lawsuit may do so by avoiding a guilty plea and tendering a nolo contendere plea. Under the majority's reasoning, plaintiff would have had little choice but to go to trial on the criminal charges in order to seek to avoid the civil ramifications of the case.[2]

No one suggests that plaintiff should be able to recover against defendant if he did, in fact, burn the property which was insured. However, what the majority fails to acknowledge is that nothing precludes defendant from establishing the fact of arson at trial.[3] The position that plaintiff's status as an arsonist cannot be established by his nolo contendere plea does not mean that the arson cannot be established by other, legitimate means.

Turning to the cases cited by the majority, I find none of them persuasive, or even relevant, to the issue at hand. The insurance cases cited by the majority,[4] without exception, involve a conviction either following trial or by a plea of guilty; none involve a nolo contendere plea. The majority fails to cite any case in which a nolo contendere plea has been used as a basis for denying coverage under an insurance contract, nor am I aware of

read MRE 410 to provide that a nolo contendere plea is inadmissible against the person making the plea and that that exclusion applies to any proceeding, civil or criminal.

[2] Or, for that matter, to seek to delay the criminal proceedings until the resolution of the civil case.

[3] It should be noted that defendant's burden in establishing an arson, since this is a civil case, would be less than that of the prosecutor establishing arson in a criminal proceeding.

[4] *Aetna Casualty & Surety Co v Sprague,* 163 Mich App 650; 415 NW2d 230 (1987); *State Farm Fire & Casualty Co v Groshek,* 161 Mich App 703; 411 NW2d 480 (1987); *Transamerica Ins Co v Anderson,* 159 Mich App 441; 407 NW2d 27 (1987); *Yother v McCrimmon,* 147 Mich App 130; 383 NW2d 126 (1985); *State Farm Fire & Casualty Co v Jenkins,* 147 Mich App 462; 382 NW2d 796 (1985); *Imperial Kosher Catering, Inc v The Travelers Indemnity Co,* 73 Mich App 543; 252 NW2d 509 (1977).

any such case. The majority's decision today is this Court's first errant step on that course.

The other two cases cited by the majority are distinguishable. *State Bar Grievance Administrator v Lewis,* 389 Mich 668; 209 NW2d 203 (1973), has little to do with the case at bar. In *Lewis,* the defendant attorney was indicted by a federal grand jury on two criminal counts under the federal tax code. The attorney resolved the matter by pleading nolo contendere to one count of failure to file an income tax return.[5] Based upon the attorney's federal conviction, his license to practice law in Michigan was suspended. The attorney appealed, claiming that his nolo contendere plea could not be used as the basis of his suspension. The Court disagreed, concluding that suspension was permissible under the provisions of State Bar Rule 16.17, which was then in effect. Under that rule, an attorney's license to practice law could be suspended upon conviction of a felony, for any crime punishable by imprisonment for more than one year, or for a crime involving moral turpitude, *or after being sentenced for such a crime upon a plea of nolo contendere. Id.* at 675. In affirming the use of a nolo contendere plea in attorney discipline cases, the Court specifically noted that discipline against an attorney could be based upon the fact of conviction alone and independent proof of misconduct was unnecessary. *Id.* at 681.

The exclusion in the insurance policy is not applied because the insured is convicted of a crime, but because the losses occurred "while the hazard is increased by any means within the control or knowledge of the insured." Thus, unlike in *Lewis,* it is necessary in the instant case to establish plaintiff's "misconduct."

---

[5] 26 USC 7203.

I likewise find *In re Andino,* 163 Mich App 764; 415 NW2d 306 (1987), cited by the majority, unpersuasive. In *Andino,* this Court affirmed the use, in a termination of parental rights case, of a prior nolo contendere plea to a criminal sexual conduct charge by a parent. The *Andino* Court, however, based its conclusion, at least in part, on the different evidentiary standards applied in a termination of parental rights case. As the Court noted, by court rule, at the dispositional hearing all evidence which is material and relevant is admissible, even if it would otherwise be excludable. The Court went on to conclude that since evidence of a nolo contendere plea is incompetent, rather than irrelevant or immaterial, it would be admissible at a dispositional hearing, though not admissible at an adjudicative hearing. *Andino, supra* at 770.

The *Andino* Court did go on to discuss *Lewis, supra.* While the *Andino* Court did conclude that the *Lewis* rule should be followed in parental rights termination cases on public policy considerations, it also noted that there was independent proof of the parent's misconduct in that case, permitting the evidentiary use of the nolo contendere plea. *Andino, supra* at 773. While I question the conclusion in *Andino* that the *Lewis* rule can be applied to termination of parental rights cases because of the nature of those cases and the need to protect children, I do agree with the conclusion that evidence of nolo contendere pleas is admissible in dispositional hearings because of the peculiar rules of evidence applicable in such proceedings.

What the majority in the case at bar fails to acknowledge is that this case does not involve the termination of parental rights nor the disciplining of an attorney. Rather, it involves the claim of an insured against his insurance company. While it

would appear likely that defendant has a valid defense to the claim based upon arson, it remains incumbent on defendant to establish the fact of arson; it cannot do so simply by use of plaintiff's nolo contendere plea. The majority's conclusion to the contrary clearly ignores the role of the nolo contendere plea in criminal prosecution. *Guilty Plea Cases, supra.*

I would reverse.