**Howard LEVIN, Plaintiff,**

v.

**STATE FARM FIRE & CASUALTY COMPANY and Allstate Insurance Company, Defendants.**

**No. 89–CV–71302–DT.**

United States District Court,
E.D. Michigan, S.D.

May 1, 1990.

Irving M. Stahl, Southfield, Mich., for plaintiff.

Paul H. Johnson, Jr., Southfield, Mich., for defendants.

## OPINION

DUGGAN, District Judge.

This is a civil action for insurance proceeds. Specifically, plaintiff seeks compensation for fire damage to his home. He complains that the defendant insurers wrongfully denied his claim. The case has proceeded to trial and, at present, the Court is called upon to resolve an evidentiary issue. For the reasons given below, evidence of plaintiff's nolo contendere plea may be admitted at trial.

On August 8, 1988, a fire occurred at plaintiff's home. Plaintiff subsequently entered a plea of nolo contendere to a criminal charge of arson in the Oakland County (Michigan) Circuit Court. Based on such plea, he was convicted and sentenced. State Farm Fire & Casualty Company, the lone remaining defendant in the instant (civil) action, seeks to admit into evidence the fact that plaintiff offered the plea of nolo contendere. Plaintiff objects relying on Fed.R.Evid. (hereinafter "F.R.E.") 410, which provides, in part:

> [E]vidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
>
> \* \* \* \* \* \*
>
> (2) a plea of nolo contendere[.]

Defendant contends that such rule does not preclude the use of the nolo contendere plea in a civil action where, like here, the individual who offered such plea is the plaintiff. Defendant cites *Lichon v. Am. Universal Ins. Co.*, 173 Mich.App. 178, 433 N.W.2d 394 (1988), *lv. denied*, 433 Mich. 892 (1989) as support for such proposition.

The Michigan Court of Appeals in *Lichon* interpreted Michigan's version of rule 410 ("M.R.E. 410"). Such version reads:

> Except as otherwise provided in this rule, evidence of a plea of ... nolo contendere ... is not admissible in any civil or criminal proceeding against the person who made the plea or offer....

In a two-one decision, the *Lichon* court ruled that M.R.E. 410 did not prohibit admission into evidence of the nolo contendere plea in a civil action brought by the person who offered such plea. The court wrote: "We favor an interpretation of M.R.E. 410 which would preclude the admission of evidence of a nolo contendere plea in proceedings which are brought against the person who made the plea, but not in proceedings which are brought by that person." *Id.* 173 Mich.App. at 180–181, 433 N.W.2d 394. The majority opinion recognized that "[t]his provision could be interpreted to make evidence of a nolo contendere plea inadmissible against the person who made the plea in any proceeding by or against the person." *Id.* at 180, 433 N.W.2d 394. Nevertheless, the majority rejected this alternative construction of M.R.E. 410 (favoring instead, as alluded to above, the interpretation which precluded its use only in proceedings *against* the individual): "[T]his [alternative] interpretation goes too far by allowing the use of a nolo contendere plea not only as a shield, but as a sword." *Ibid.* Later, the majority added: "It would be contrary to public policy and a mockery of justice to allow a convicted felon to profit from his crime." *Id.* at 182, 433 N.W.2d 394 (citation omitted). Plaintiff, here, simply asks this Court to interpret F.R.E. 410 as precluding the use of the nolo plea in *any* civil proceeding, whether brought by or against the individual who offered the plea. Notably, how-

ever, he offers no case law to support this reading of F.R.E. 410.

*Lichon* is not, in this Court's opinion, controlling. Although the language of M.R.E. 410 is *similar* to F.R.E. 410, the rule is not worded *exactly the same*. The differences, furthermore are material. It is interesting to note that F.R.E. 410, when enacted by Congress on January 2, 1975, *see* Pub.L. 93–595, 88 Stat. 1926, 1933 (1975), provided, in part: "[E]vidence of a plea of ... nolo contendere ... is not admissible in any civil or criminal action, case, or proceeding against the person who made the plea...." The above language, which is virtually identical to M.R.E. 410, was changed on April 30, 1979 (effective December 1, 1980) when Congress adopted the present language. Unfortunately, a review of the history of F.R.E. 410 does not satisfactorily explain to this Court why Congress saw the need to change the language.

In this Court's opinion, the prior language of F.R.E. 410 as well as present-day M.R.E. 410 admits of two plausible interpretations. On the one hand, such language could be interpreted, as it was in *Lichon*, to preclude the "admission of a nolo contendere plea in proceedings which are brought against the person who made the plea, but not in proceedings which are brought by that person." 173 Mich.App. at 180–181, 433 N.W.2d 394. Under this interpretation, the phrase "against the person who made the plea or offer", as formerly used in F.R.E. 410 and used, now, in M.R.E. 410, describes the *proceedings* in which evidence of the plea is inadmissible. On the other hand, as acknowledged by the Michigan Court of Appeals, the language could be interpreted as precluding admission of the nolo plea against the *person* who offered the plea in *any* civil or criminal proceeding. This latter interpretation would preclude admission of the plea *irrespective* of whether the civil proceeding is brought by *or* against the person offering the plea.

The revised, current language of F.R.E. 410 moreover, seems to present a stronger argument for the latter interpretation, *i.e.* for prohibiting the use of the nolo plea in *all* civil proceedings even those *brought by* the individual who offered the plea, than the prior language of F.R.E. 410. By providing that a nolo plea "is not, in any civil or criminal proceeding, admissible against the defendant who made the plea", one might logically conclude that Congress intended that such plea can never be used *against* the *individual* who offered the plea, whether such individual is a plaintiff or defendant in the subsequent action. And it is this conclusion the Court draws today.

An examination of the history of F.R.E. 410 supports the Court's conclusion. Until its most recent revision (*i.e.*, the revision of April 30, 1979), the rule read, in part: "[E]vidence of a plea of ... nolo contendere ... is not admissible in any civil or criminal proceeding against the person who made the plea or offer." At present, the rule is worded as follows: "[E]vidence of [a plea of nolo contendere] is not, in any civil or criminal proceeding, admissible against the defendant who made the plea...." Explaining the difference, the Advisory Committee wrote:

> An ambiguity ... exists because the word "against" may be read as referring either to the kind of proceeding in which the evidence is offered or the purpose for which it is offered. The change [to the rule's present version] *makes it clear that that latter construction is correct.*
> ...

Committee Notes to Fed.R.Crim.P. 11(e)(6).[1] This history, then, indicates that the nature of the subsequent proceeding (here, a civil action) and, impliedly, the status in such subsequent proceeding, of the person offering the plea (*i.e.* defendant or plaintiff) is immaterial.

Notwithstanding its belief that F.R.E. 410 precludes the admission of a nolo con-

---

**1.** Pub.L. 93–595, referred to earlier, provided that F.R.E. 410 "shall be superseded by any amendment to the Federal Rules of Criminal Procedure...." Thus, because F.R.E. 410 tracks the language of Fed.R.Crim.P. 11(e)(6), it is appropriate to rely on Committee notes to Rule 11(e)(6).

tendere plea against the individual who offered the plea in *any* civil action whether brought by or against such individual, the Court is constrained to follow a contrary interpretation by the Sixth Circuit. In *Walker v. Schaeffer*, 854 F.2d 138 (6th Cir.1988), the Sixth Circuit interpreted F.R.E. 410 as precluding the admission of a plea of nolo contendere *only* in a subsequent civil or criminal action in which the party offering the plea is the *defendant.* Walker was arrested for disorderly conduct. He was convicted based on the nolo contendere plea and sentenced. He subsequently brought a civil action, specifically, a 42 U.S.C. § 1983 action, against the arresting police officers contending that he was falsely arrested and/or falsely imprisoned in violation of his constitutional rights. The Sixth Circuit in concluding that the nolo contendere plea could be used against Walker, the *plaintiff* in the subsequent civil action, stated:

> This case does not present the kind of situation contemplated by Rule 410: the use of a nolo contendere plea against the pleader in a subsequent civil or criminal action in which he is the *defendant* [Citations omitted.] In this case, on the other hand, the persons who entered prior no-contest pleas are now plaintiffs in a civil action. Accordingly, use of the no contest plea for estoppel purposes is not "against the defendant" within the meaning of Fed.R.Evid. 410. This use would be more accurately characterized as "for" the benefit of the "new" civil defendants, the police officers.

> We find a material difference between using the nolo contendere plea to subject a former criminal defendant to subsequent civil or criminal liability and using the plea as a defense against those submitting a plea interpreted to be an admission which would preclude liability. Rule 410 was intended to protect a criminal defendant's use of the nolo contendere plea to defend himself from future civil *liability.* We decline to interpret the rule so as to allow the former defendants to use the plea offensively, in order to obtain damages, after having admitted

facts which would indicate no civil liability on the part of the arresting police. *Walker,* 854 F.2d at 143.

This Court, therefore, being bound by the Sixth Circuit's interpretation, does hereby hold that defendant State Farm is not precluded from introducing evidence of the nolo contendere plea in this civil action brought by Howard Levin, the individual who offered the nolo contendere plea in the prior criminal case.