IMPERIAL KOSHER CATERING, INC. v THE TRAVELERS
INDEMNITY COMPANY

INSURANCE—EVIDENCE—ARSON CONVICTIONS—ADMISSIBILITY IN CIVIL
CASE—CULPABILITY—OPERATIVE FACTS—BAR TO RECOVERY.

A Supreme Court decision which holds that a criminal conviction
is inadmissible as substantive evidence of conduct arising out of
the same occurrence which is at issue in a civil case does not
apply in a civil case where the arson convictions of the sole
stockholders of a plaintiff corporation were not used affirma-
tively as proof of culpability but as operative facts to bar
recovery by the corporation of proceeds of fire insurance poli-
cies.

Appeal from Wayne, James Montante, J. Sub-
mitted December 14, 1976, at Detroit. (Docket No.
27087.) Decided February 3, 1977.

Complaint by Imperial Kosher Catering, Inc.,
against The Travelers Indemnity Company, Tran-
sit Casualty Company and Covington Mutual In-
surance Company to recover for fire damage under
fire insurance policies. Accelerated judgment for
defendants. Plaintiff appeals. Affirmed.

*John D. O'Connell,* for plaintiff.

*Denenberg, Tuffley & Thorpe,* for defendants.

Before: T. M. BURNS, P. J., and M. J. KELLY and
D. F. WALSH, JJ.

T. M. BURNS, P. J. The defendants issued fire

REFERENCES FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 334.
30 Am Jur 2d, Evidence § 985.

insurance policies covering contents and business interruption to the plaintiff corporation insuring it against loss and damage occurring on premises occupied by the corporation in Detroit. On March 27, 1967, a fire damaged plaintiff's building and its contents.

On March 5, 1968, the plaintiff commenced this action to recover under the fire insurance policies. The defendants answered the complaint and asserted as one defense the claim that Lawrence Horowitz and/or William Kozin, the sole stockholders and officers of the plaintiff corporation, intentionally caused the fire.

On November 27, 1968, Horowitz and Kozin were convicted by a jury of arson in the burning of the insured premises. The convictions were affirmed by this Court and the Michigan Supreme Court denied leave to appeal.[1] On May 27, 1972, defendants moved for accelerated judgment asserting that plaintiff's claim under the insurance policies was barred by the arson convictions of its sole stockholders and officers. The trial court granted the motion, and plaintiff appeals therefrom.

Plaintiff argues that the trial court erred in granting the motion for accelerated judgment on the basis of the arson convictions since a criminal conviction is not admissible as substantive evidence of conduct at issue in a civil case arising out of the same occurrence, citing *Wheelock v Eyl,* 393 Mich 74; 223 NW2d 276 (1974). We reject plaintiff's argument and affirm the order of the trial court.

In the interesting majority opinion in *Wheelock v Eyl, supra,* the Court initially held that neither the payment of fines nor guilty pleas *(i.e.* judicial

---

[1] *People v Horowitz,* 37 Mich App 151; 194 NW2d 375 (1971), *lv den* 387 Mich 753 (1972).

admissions) "may be admitted as evidence in a civil trial for the purpose of showing that substantially the same wrongful conduct at issue in the civil trial has been admitted in a prior criminal trial". 393 Mich at 76. At this point *Wheelock* is clearly distinguishable from the case at bar. The Court then went beyond the facts of the case before it and broadly held that both judicial admissions and criminal convictions after trial are inadmissible as substantive evidence of conduct at issue in a civil case arising out of the same occurrence. 393 Mich at 79.

In the case at bar, criminal convictions were used to bar recovery in a civil case loosely based on the same transaction or occurrence. At first glance, such a result would appear to be improper under *Wheelock. Wheelock,* however, doesn't and shouldn't apply in this case. The arson convictions of Horowitz and Kozin were not used affirmatively as proof of culpability in the trial of a civil action brought against the persons so convicted.[2] The criminal conviction of the sole stockholders and officers of the insured is an operative fact which was advanced to bar recovery under an insurance contract in pretrial proceedings in a suit brought by the corporation.

More importantly, it would be a mockery of justice for our legal processes to be used by convicted felons to profit from their crimes. To permit such a result is clearly contrary to the public policy of this state. *Budwit v Herr,* 339 Mich 265; 63 NW2d 841 (1954).

"To permit a recovery under a policy of fire insurance by one who has been convicted of burning the property insured, would be to disregard the contract, be illogical,

---

[2] *See In re Estate of Laspy,* 409 SW2d 725 (Mo App, 1966).

would discredit the administration of justice, defy public policy and shock the most unenlightened conscience. To sustain such a judgment would be to encourage and give support to the current thoughtless and carping criticisms of legal procedure, and to justify the gibe that the administration of the law is the only remaining legalized lottery." *Eagle, Star & British Dominions Ins Co v Heller,* 149 Va 82, 111; 140 SE 314, 323 (1927).[3]

We agree.

Affirmed. Costs to appellees.

---

[3] *Accord, Connecticut Fire Ins Co v Ferrara,* 277 F2d 388 (CA 8, 1960), *cert den,* 364 US 903; 81 S Ct 231; 5 L Ed 2d 195 (1960), *Mineo v Eureka Security Fire & Marine Ins Co,* 182 Pa Super 75; 125 A2d 612 (1956).