## KLINE v KLINE

Docket No. 50261. Submitted December 2, 1980, at Detroit.—Decided
    March 17, 1981. Leave to appeal applied for.

Robert L. Kline, plaintiff in a divorce action, failed to pay a sum
    of money to Dorothy A. Kline in accordance with the terms of a
    property settlement incorporated in the judgment of divorce.
    Dorothy Kline sought to garnish debts owed to Robert Kline by
    Delta Dental Plan. Delta disclosed that it owed debts to Robert
    L. Kline, D.D.S., P.C., a professional corporation. Robert L.
    Kline, D.D.S., P.C., brought a motion to intervene and to quash
    the writs of garnishment, claiming that the obligation of the
    garnishee was to the professional corporation, not to Robert L.
    Kline, the sole shareholder. The Oakland Circuit Court, Robert
    L. Templin, J., denied the motion, holding that the professional
    corporation was a "hybrid" type of corporation, established for
    tax and pension purposes, and that it and the sole shareholder
    should be treated as one, ignoring the corporate entity. Robert
    L. Kline, D.D.S., P.C., appeals by leave granted. *Held:*

The reason given by the trial court is not sufficient to
    automatically justify ignoring the corporate entity. The case is
    remanded and the motion to intervene is to be granted for the
    purpose of determining whether ignoring the corporate entity
    will work a fraud or injustice on third parties or whether there
    is such a community of interest that the corporate entity
    should be disregarded.

Remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 18 Am Jur 2d, Corporations § 13.

[2] 18 Am Jur 2d, Corporations § 15.

Stockholder's personal conduct of operations or management of
    assets as factor justifying disregard of corporate entity. 46 ALR3d
    428.

Similarity of ownership or control as basis for charging corporation
    acquiring assets of another with liability for former owner's
    debts. 49 ALR3d 881.

[3] 18 Am Jur 2d, Corporations § 14.

[4] 19 Am Jur 2d, Corporations § 715.

1. CORPORATIONS — CORPORATE ENTITY — SINGLE SHAREHOLDER.

Generally, the law treats a corporation as an entirely separate entity from its stockholders, even where one person owns all of the corporation's stock.

2. CORPORATIONS — CORPORATE ENTITY.

A corporate entity may be ignored in certain circumstances, such as where there is complete identity of interest between a sole shareholder and the corporation, where the corporation is a mere agent or instrumentality of its shareholders or a device to avoid legal obligations, where the community of interest between corporation and stockholders is so great that they should be considered as one in order to meet the purposes of justice, or where the notion of a corporation as a legal entity is used to defeat public convenience, justify a wrong, protect fraud or to defend crime.

3. CORPORATIONS — CORPORATE ENTITY — EQUITY.

A court's treatment of a corporate entity rests on notions of equity whether the action is one at law or at equity; each case involving the disregard of the corporate entity rests on its own facts.

4. CORPORATIONS — PROFESSIONAL CORPORATIONS — CORPORATE ENTITY.

A finding that a professional corporation is a "hybrid" type of corporation established for tax and pension purposes is not a sufficient reason for ignoring the corporate entity in an action for garnishment brought against the corporation's sole shareholder.

*Kirk & Robertson,* for the intervening plaintiff.

*Frederick W. Lauck,* for defendant.

Before: D. C. RILEY, P.J., and D. E. HOLBROOK, JR., and M. B. BREIGHNER,* JJ.

PER CURIAM. This is an appeal by leave granted from an order denying plaintiff-intervenor's motion to quash writs of garnishment. The intervenor claimed that the obligation of the garnishee was to

* Circuit judge, sitting on the Court of Appeals by assignment.

it, the professional corporation, and not to its sole shareholder, Robert L. Kline.

Robert L. Kline and Dorothy A. Kline were parties to an action which ended in a judgment of divorce. As part of the property settlement, Dr. Kline agreed to pay a certain sum of money to defendant. He did not pay and defendant sought to garnish debts owed to him by, among others, Delta Dental Plan. Delta disclosed that it owed debts, not to Robert L. Kline, but to Robert L. Kline, D.D.S., P.C., a professional service corporation organized pursuant to MCL 450.221 *et seq.;* MSA 21.315(1) *et seq.,* and owned wholly by Robert L. Kline. The lower court held that Robert L. Kline and the professional corporation should be treated as one and the same, disregarding the corporate entity.

Generally, the law treats a corporation as an entirely separate entity from its stockholders, even where one person owns all of the corporation's stock. *Bourne v Muskegon Circuit Judge,* 327 Mich 175, 191; 41 NW2d 515 (1950). Complete identity of interest between sole shareholder and corporation may lead courts to treat them as one for certain purposes. *Williams v American Title Ins Co,* 83 Mich App 686; 269 NW2d 481 (1978). Where the corporation is a mere agent or instrumentality of its shareholders or a device to avoid legal obligations, the corporate entity may be ignored. *People ex rel Attorney General v Michigan Bell Telephone Co,* 246 Mich 198, 205; 224 NW 438 (1929). A court may look through the veil of corporate structure to avoid fraud or injustice. *Schusterman v Employment Security Comm,* 336 Mich 246; 57 NW2d 869 (1953). The community of interest between corporation and shareholders may be so great that, to meet the purposes of justice, they

should be considered as one and the same. *L A Walden & Co v Consolidated Underwriters,* 316 Mich 341, 346; 25 NW2d 248 (1946). When the notion of a corporation as a legal entity is used to defeat public convenience, justify a wrong, protect fraud or defend crime, that notion must be set aside and the corporation treated as the individuals who own it. *Paul v University Motor Sales Co,* 283 Mich 587, 602; 278 NW 714 (1938). The fiction of a corporate entity different from the stockholders themselves was introduced for convenience and to serve the ends of justice, but when it is invoked to subvert the ends of justice it should be and is disregarded by the courts. *Paul, supra.* A court's treatment of a corporate entity clearly rests on notions of equity, whether it is an action at law or at equity. Each case involving disregard of the corporate entity rests on its own special facts. *Brown Brothers Equipment Co v State Highway Comm,* 51 Mich App 448; 215 NW2d 591 (1974).

The lower court held that this professional corporation established for tax and pension purposes is a "hybrid" type of corporation and for that reason denied the motion to quash the writ of garnishment. We cannot agree that this is a sufficient reason for ignoring the corporate entity. We therefore remand to the trial court for a hearing on the issue.

The Professional Service Corporation Act, 1962 PA 192, as amended, MCL 450.221 *et seq.;* MSA 21.315(1) *et seq.,* allowed certain licensed professionals to incorporate for the first time. Professional corporation laws were enacted largely as a result of efforts by professionals to enjoy the same Federal tax advantages available to corporations. Note, *Accident and Malpractice Liability of Professional Corporation Shareholders,* 10 Mich J L Re-

form 364, 365 (1977). In passing the statute, the Legislature invested professional corporations with most of the properties of other business corporations. The Legislature specifically refused to limit liability for certain torts committed by the employees of a professional corporation, including professional malpractice. By implication, the Legislature intended professional corporations to be otherwise treated like other corporations in determining liability. This Court will not hold that the purpose of incorporating to enjoy Federal tax benefits is such a purpose as will entitle a court to automatically disregard the corporate fiction.

A professional corporation owned by a single shareholder may often present such a community of interest that the corporate entity should be disregarded. Where a court finds that justice so requires, it will ignore the corporate entity. We do not believe that the lower court made such a finding. While the record shows that the court considered the injustice which might result from respecting the corporate entity, it failed to hear evidence concerning employees and other third-party creditors of the professional corporation. If the court finds that ignoring the corporate entity will work a fraud or injustice on third parties, it may decide to respect the corporate entity if the interests of justice so demand.

We direct that plaintiff-intervenor's motion to intervene be granted for the purpose of determining if the corporate entity should be disregarded. Remanded to the lower court for proceedings not inconsistent with this opinion. We retain no jurisdiction. Costs to abide the final result.