DANISH INN, INC v DRAKE INSURANCE COMPANY
OF NEW YORK

Docket No. 65091. Submitted February 16, 1983, at Detroit.—Decided
June 7, 1983.

Danish Inn, Inc., brought an action in the Oakland Circuit Court
against Drake Insurance Company of New York to recover for
damage to property covered by a fire insurance policy. The
principal shareholder and president of plaintiff corporation had
pled guilty to a charge of conspiracy to commit a misdemeanor,
burning personal property of the value of less than $50, in
connection with the fire which resulted in plaintiff's claim. The
court, David F. Breck, J., granted summary judgment for
defendant on public policy grounds. Plaintiff appealed. *Held:*

A corporation is not barred from recovery under a fire
insurance policy merely because of the fact that an officer and
majority stockholder is convicted of criminal charges involving
acts resulting in the burning of insured property.

Reversed and remanded.

MACKENZIE, J., concurred separately.

INSURANCE — FIRE INSURANCE — DEFENSES — CRIMINAL CONVICTIONS.
A corporation is not barred from recovery under a fire insurance
policy merely because of the fact that an officer and majority
stockholder is convicted of criminal charges involving acts
resulting in the burning of insured property.

*Kiefer, Allen, Cavanagh & Toohey* (by *John B. Kiefer*), for plaintiff.

*Denenberg, Tuffley, Thorpe, Bocan & Patrick* (by *Paul H. Johnson, Jr.*, and *Susan Tukel*), for defendant.

REFERENCE FOR POINTS IN HEADNOTE
43 Am Jur 2d, Insurance §§ 192, 493.

Before: MacKenzie, P.J., and Bronson and Hood, JJ.

Bronson, J. Plaintiff corporation brought an action to enforce a fire insurance contract with defendant. Plaintiff claimed that defendant failed to pay a claim for damage to property insured under the contract. Defendant's motion for summary judgment on public policy grounds was granted. Plaintiff appeals by right.

In its motion for summary judgment, defendant claimed that the principal shareholder and president of plaintiff corporation, Richard Bensek, pled guilty to a charge of conspiracy to commit a misdemeanor, to-wit: burning personal property of the value of less than $50, in connection with the fire which resulted in plaintiff's claim. The trial judge held that the case was controlled by this Court's opinion in *Imperial Kosher Catering, Inc v Travelers Indemnity Co,* 73 Mich App 543; 252 NW2d 509 (1977), in granting defendant's motion for summary judgment.

In *Imperial Catering, supra,* this Court upheld the grant of an accelerated judgment on a fire insurance claim. The officers and sole shareholders of plaintiff corporation had been convicted of arson for burning the insured premises. The trial court granted accelerated judgment on the grounds of public policy. This Court rejected plaintiff's argument that the arson convictions could not be used against plaintiff, distinguishing *Wheelock v Eyl,* 393 Mich 74; 223 NW2d 276 (1974). In *Wheelock, supra,* the Supreme Court held that a criminal conviction was inadmissible as substantive evidence in a civil case arising out of the same occurrence which produced the conviction.

On appeal, plaintiff argues that three factors

distinguish the present case from *Imperial Catering, supra.* It also implicitly argues that *Imperial Catering, supra,* was wrongly decided.

Plaintiff first argues that the facts of *Imperial Catering, supra,* can be distinguished because the plaintiff corporation in that case was wholly owned by the arsonists, whereas Richard Bensek is only a majority shareholder in plaintiff. We agree. The issue of corporate identity was not addressed in the opinion in *Imperial Catering, supra.* The actions of plaintiff's officer, Mr. Bensek, cannot be imputed to plaintiff corporation absent a finding that the corporate entity should be disregarded. See *Kline v Kline,* 104 Mich App 700; 305 NW2d 297 (1981).

Plaintiff next argues that the two cases can be distinguished because the officers of the plaintiff corporation in *Imperial Catering, supra,* were convicted of a felony while Mr. Bensek was only convicted of a misdemeanor. In making this argument, plaintiff misreads the holding of *Imperial Catering, supra.* Even if it is conceded that Bensek's misdemeanor plea is not admissible in evidence, the rationale of *Imperial Catering* would allow its use as "an operative fact * * * advanced to bar recovery".

Plaintiff also argues that the conduct Bensek pled guilty to was not conceded to be the cause of the damage to the insured premises. This argument was not made in *Imperial Catering, supra.* We agree with plaintiff, however, that the record before us indicates that material factual issues of causation were disputed, precluding summary judgment. Bensek, at his plea, stated that he turned on a defective air conditioning unit knowing that it would cause a fire. Defendant's expert, in a deposition, testified that the damage to the

building was caused, at least in part, by a fire spread by gasoline or another inflammable liquid.

We also agree with plaintiff's claim that *Imperial Catering, supra,* is not sound law. Plaintiff is attempting to recover under a fire insurance contract. If the contract between the parties is a legal one, it complies with the form of the Michigan Standard Policy. MCL 500.2806(2); MSA 24.12806(2). Under the standard policy, the insurer is not liable for loss occurring "while the hazard is increased by any means within the control or knowledge of the insured". MCL 500.2832; MSA 24.12832. The Legislature has seen fit, by adoption of this clause, to protect insurers from the same threat which the decision in *Imperial Catering, supra,* purports to protect against. Aside from relying on its defenses under the contract, defendant could make a third-party complaint against Mr. Bensek, whom it alleges to be responsible. Defendant is subrogated to plaintiff's rights against any party for loss to the extent that it has paid for the loss. See MCL 500.2832; MSA 24.12832.

In *Imperial Catering, supra,* accelerated judgment was granted on public policy grounds with little discussion of traditional principles of contract or tort law. We believe that public policy is fully served by the application to this problem of traditional principles of law. The promotion of public policy does not require a judicial expansion of insurers' rights under the law. Defendant can effectively prevent Mr. Bensek from benefiting from his wrongful conduct without the help of the judicial doctrine espoused in *Imperial Catering, supra.* Although the defense presented by the insurer resembles collateral estoppel, collateral estoppel cannot be applied because both the par-

ties and the issues are different. The expansion of the doctrine of collateral estoppel in this case and others like it is completely unwarranted.

Reversed. Costs to appellant.

Hood, J., concurred.

MacKenzie, P.J. *(concurring)*. I concur in the result reached by the majority. I agree with the majority that *Imperial Kosher Catering, Inc v Travelers Indemnity Co,* 73 Mich App 543; 252 NW2d 509 (1977), can be distinguished from this case on the ground that plaintiff here was not wholly owned by the arsonists. I express no opinion on the other issues discussed in the majority opinion as I think it unnecessary to the resolution of the case.