# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 12, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

128719

L & R HOMES, INC.,
    Plaintiff-Appellee,

v

JACK CHRISTENSON ROCHESTER, INC.,
    Defendant,

and

CHRISTENSON & CHRISTENSON, INC.,
d/b/a JACK CHRISTENSON, INC., and
JACK D. CHRISTENSON,
    Defendants-Appellants.

SC: 128719
COA: 250483
Oakland CC: 1999-017608-CZ

_____/

On order of the Court, the application for leave to appeal the April 7, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J., dissents and states as follows:

I would grant leave to appeal to articulate clear standards for piercing the corporate veil and settle the confused state of Michigan jurisprudence regarding this problem.

Defendant Rochester, Inc., a "corporation to be formed," leased commercial property from plaintiff L & R Homes, Inc. The property was to be used for a real estate office. Defendant Jack Christenson, the president of Rochester and Jack Christenson Rochester, Inc. (JCI), signed the lease on Rochester's behalf. Rochester eventually defaulted on the lease.

Plaintiff thereafter sued Rochester, JCI, and Christenson personally for nonpayment of the rent. Plaintiff asserted that Rochester was a mere instrumentality of Christenson and JCI, and requested the court to pierce Rochester's corporate veil and

hold JCI and Christenson liable for Rochester's unpaid lease payments. The trial court granted summary disposition for Christenson and JCI, finding no basis to pierce the corporate veil because no evidence was proffered that these defendants had committed any fraud or engaged in any illegality.

The Court of Appeals affirmed in regard to Christenson, reversed in regard to JCI, and remanded for trial in regard to JCI. The Court of Appeals explained that the trial court erred when it required plaintiff to prove fraud to pierce the corporate veil. Instead, the panel held that plaintiff could pierce Rochester's corporate veil if it showed that Rochester was "defendants' 'agent,' 'mere instrumentality,' 'device to avoid legal obligations,' 'legal entity . . . used to defeat public convenience,' or a similar capacity." Slip op at 2, citing *Kline v Kline*, 104 Mich App 700, 702-703 (1981).

Following a bench trial, the trial court ruled in favor of JCI, holding that plaintiff could not pierce the corporate veil because it had failed to establish that defendants committed a fraud or wrong against plaintiff, or that Rochester was a sham corporation or a mere instrumentality of JCI or Christenson. Plaintiff appealed again.

In a split decision, the Court of Appeals reversed the judgment of the trial court. The majority held that this case was analogous to *Herman v Mobile Homes Corp*, 317 Mich 233 (1947), and *Pfaffenberger v Pavilion Restaurant Co*, 352 Mich 1 (1958), where this Court allowed the corporate veil to be pierced without a showing of fraud. The majority held that because the evidence revealed that Rochester was a mere instrumentality of JCI, the corporate veil should be pierced.

The dissenting judge would have affirmed the trial court because no evidence was adduced that "plaintiff, a sophisticated business entity which freely entered into a contractual relationship with Rochester, Inc., was wronged or suffered any unjust loss when another corporate entity discontinued making rent payments that it was never obligated to make to plaintiff on Rochester's behalf." Slip op at 2 (Bandstra, J., dissenting). The dissenting judge opined that the corporate veil cannot be pierced absent some finding of fraud or wrong.

The inconsistency in governing standards for piercing the corporate veil poses a problem of major jurisprudential significance to the people of Michigan. The decisions in this case illustrate our confused standards for piercing the corporate veil. Can the corporate form be disregarded where a defendant has not behaved fraudulently? Now, the answer depends on the Court of Appeals panel that a litigant draws and the lines of this Court's authority that the panel identifies. As I explained in my dissenting statement in *Daymon v Fuhrman*, 474 Mich 920 (2005), I would grant leave to appeal to address this problem:

This Court has never adopted clear standards for determining when the corporate veil should be pierced. The most recent comprehensive discussion of piercing a corporate veil appeared in [*Foodland Distributors v Al-Naimi,* 220 Mich App 453 (1996)]. In that case, the Court of Appeals stated that "[t]here is no single rule delineating when the corporate entity may be disregarded." *Foodland Distributors, supra* at 456. Nonetheless, the Court adopted a three-pronged standard for piercing the corporate veil. *Id.* at 457. This standard has been followed in a number of other Court of Appeals cases involving piercing a corporate veil. It has never been accepted or rejected by this Court. This Court should review the prevailing Court of Appeals standard for piercing the corporate veil and delineate a clear legal standard for our courts to follow.

TAYLOR, C.J., and YOUNG, J., join the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 12, 2006

Clerk

s0509