In re James Edward KING,
pro se, Debtor.

Citizens Insurance Company
of America, Plaintiff,

v.

James Edward King, Defendant.

Bankruptcy No. 12–61672.
Adversary No. 12–6090.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Oct. 15, 2013.

Michael Dean Phillips, Anselmi & Mierzejewski, P.C., John D. Ruth, Bloomfield Hills, MI, for Plaintiff.

Clinton J. Hubbell, Hubbell Duvall PLLC, Southfield, MI, for Defendant.

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, CANCELLING OCTOBER 16, 2013 HEARING, AND ADJOURNING TRIAL DATE**

THOMAS J. TUCKER, Bankruptcy Judge.

## I. Introduction

In this adversary proceeding, Plaintiff Citizens Insurance Company ("Citizens") seeks a judgment determining that Defendant/Debtor James Edward King's ("King's") debt to it in the amount of $236,721.35 is nondischargeable under 11 U.S.C. § 523(a)(6), because it is a debt "for willful and malicious injury by [King] to [Gail L McGehee ("McGehee")]." *See* 11

U.S.C. § 523(a)(6).[1] The debt is evidenced by a Michigan state court civil default judgment (the "Default Judgment"), in favor of Citizens and against King, on Citizens' complaint under Mich. Comp. Laws Ann. § 500.3177 for the recovery of personal protection benefits it paid to McGehee for the injuries she suffered when she was hit by the uninsured motor vehicle owned and driven by King.[2] The state court complaint alleged, and the Default Judgment contained findings, that "Defendant King willfully and maliciously caused injury to claimant by striking her with the involved motor vehicle proximately causing the injuries to [Citizen's] claimant."

This adversary proceeding is before the Court on Citizens' motion for summary judgment (Docket # 56, the "Motion"), seeking judgment against King on its nondischargeability complaint, based primarily on collateral estoppel. Citizens initially argued that King is precluded from contesting that all of the elements of § 523(a)(6) are satisfied by (1) the findings in the Default Judgment, and (2) King's subsequent criminal conviction for felonious assault with a dangerous weapon, after King pled guilty to that charge. However, in Citizens' reply brief in support of the Motion, Citizens correctly conceded that it is not entitled to the summary judgment it seeks based on collateral estoppel, to the extent collateral estoppel is based on the

1. Section 523(a)(6) provides: "A discharge under section 727 ... of this title does not discharge an individual debtor from any debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity[.]"

2. A copy of the Default Judgment is Exhibit F to the Plaintiff's motion for summary judgment (Docket # 56). A copy of the state court complaint is Exhibit J to the Plaintiff's summary judgment, and is attached to the "Supplemental Exhibit to Plaintiff's Motion for

Summary Judgment" (Docket # 75). Mich. Comp. Laws Ann. § 500.3177(1) provides, in relevant part:

> An insurer obligated to pay personal protection insurance benefits for accidental bodily injury to a person arising out of the ownership, maintenance, or use of an uninsured motor vehicle as a motor vehicle may recover such benefits paid and appropriate loss adjustment costs incurred from the owner or registrant of the uninsured motor vehicle or from his or her estate.

Default Judgment.[3]

Therefore, the only remaining collateral estoppel issue with respect to the Motion is whether King is precluded from contesting that all of the elements of § 523(a)(6) are satisfied, by his plea and apparent criminal conviction for felonious assault with a dangerous weapon.[4]

The Court concludes that a hearing on the Motion is not necessary. The Court must deny the Motion because (1) under Michigan law, collateral estoppel does not apply, and therefore King would not be precluded from contesting that all of the elements of § 526(a)(6) have been satisfied; and (2) King's deposition testimony creates a genuine issue of material fact as to whether King willfully and maliciously injured McGehee.

## II. Discussion

▉▉▉▉ To the extent that Citizens argues that King's criminal conviction for felonious assault with a dangerous weapon has preclusive effect on this nondischargeability action based on collateral estoppel, the Court disagrees. Citizens has cited no authority in support of such a collateral estoppel argument, and under Michigan law, King's criminal conviction would not be given any preclusive effect in a later civil action brought against King. *See generally Shaw v. Shaw (In re Shaw )*, 210 B.R. 992 (Bankr.W.D.Mich.1997) (deciding, in relevant part, "whether pursuant to Michigan law this Court may accord collateral estoppel effect to a Michigan criminal conviction [for felonious assault with a dangerous weapon] in a nondischargeability action" and holding that it may not).

> Generally, the proponent of the application of collateral estoppel must show "that (1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) the **same parties** had a full and fair opportunity to litigate the issue, and (3) there was **mutuality of estoppel**." When the application of collateral estoppel "crosses over" the line between a criminal and a civil proceeding, it has aptly been termed "cross-over estoppel."

*People v. Trakhtenberg*, 493 Mich. 38, 826 N.W.2d 136, 141 (2012) (citations and footnotes omitted) (bold added).

(Docket # 77 at pdf. 6.)

---

3. Citizens conceded in its reply brief:

> Plaintiff, Citizens Insurance Company, submits that all of the elements for collateral estoppel are met in this case except for "necessarily determined." Although it is true that Plaintiff's well pled Complaint alleged that the debt arises out of an intentional and malicious act caused by James King, and the Order of Judge Colombo explicitly states so, this finding by the Third Circuit Court that James King acted with malice and intent were not necessary in order for Plaintiff to prevail. The elements of an Assigned Claims [sic] Plan no-fault reimbursement action are essentially whether the Defendant was an owner of the car, whether that car was insured by a valid policy of Michigan no fault insurance, and whether the insurer became obligated to pay no-fault benefits to, or on behalf of, a claimant who was injured in the accident.

4. Citizens has introduced a document entitled "Register of Actions" for Case No. 03–010146–01–FC, which lists the Defendant as James King and the Plaintiff as the State of Michigan, and indicates that on December 3, 2003, Defendant "Plead Guilty" to "Assault With a Dangerous Weapon (felonious Assault)" and that the plea was accepted. King argues that the "Register of Actions" does not show that there was a valid final judgment entered against him in the criminal case and therefore Citizens cannot establish the final judgment element of collateral estoppel. The Court need not address this argument, because, even assuming without deciding, that there was a valid binding judgment against King in the criminal matter, Citizens still cannot demonstrate that all of the necessary elements for collateral estoppel to apply have been satisfied.

The mutuality doctrine requires that a party seeking to collaterally estop its adversary must have been a party or a privy to a party against the same adversary in a previous case. Mutuality of estoppel exists where the party "taking advantage of the earlier adjudication would have been bound by it, had it gone against him."

*Shaw*, 210 B.R. at 1000 (citing *Lichon v. American Universal Ins. Co.*, 435 Mich. 408, 459 N.W.2d 288, 298 (1990)).

■ In this case, the "same parties" and "mutuality of estoppel" elements of collateral estoppel are not met.[5] Citizens was not a party in the criminal case against King, and would not have been bound by an adjudication that King was *not* guilty in that case, in later civil suit against King based on the conduct alleged in the criminal prosecution of King. However, such a lack of mutuality does not necessarily end the analysis of whether collateral estoppel can be applied in this case under Michigan law:

[L]ack of mutuality does not always preclude the application of collateral estoppel [under Michigan law]. There are several well-established exceptions to the mutuality requirement, such as when an indemnitor seeks to assert in its defense a judgment in favor of its indemnitee, or where a master defends by asserting a judgment for a servant.

*Keywell and Rosenfeld v. Bithell*, 254 Mich.App. 300, 657 N.W.2d 759, 786 (2003) (footnote omitted). The court in Shaw noted that there are some older Michigan Court of Appeals opinions that "ruled that a criminal conviction may estop a criminal defendant from relitigating in a subsequent civil proceeding those issues litigated and necessary to the judgment in the criminal proceeding." But the Court concluded that those cases were wrongly decided under Michigan Supreme Court precedent. *See Shaw*, 210 B.R. at 1001–02.[6]

---

5. Due to this finding, the Court need not discuss whether the elements of felonious assault with a dangerous weapon would satisfy all the elements for nondischargeability under § 523(a)(6).

6. The *Shaw* court cited three cases which "ruled that a criminal conviction may estop a criminal defendant from relitigating in a subsequent civil proceeding those issues litigated and necessary to the judgment in the criminal proceeding": *Imperial Kosher Catering v. Traveler's Indem. Co.*, 73 Mich.App. 543, 252 N.W.2d 509 (1977) (criminal convictions for arson precluded arsonists from recovery of insurance proceeds in a civil action and justified accelerated judgment in favor of the insurance company, where the fire insurance contract barred recovery for damages caused by wrongful conduct); *Deitz v. Wometco West Michigan TV*, 160 Mich.App. 367, 407 N.W.2d 649 (1987) (a criminal conviction for assault and battery collaterally estopped the criminal defendant from prosecuting a civil suit for defamation against the person he assaulted); and *Knoblauch v. Kenyon*, 163 Mich.App. 712, 415 N.W.2d 286 (1987) (criminal who suffered an adverse ruling on his claim of ineffective assistance of counsel was collaterally estopped from prosecuting civil suit for legal malpractice against his defense attorney). Nevertheless, the *Shaw* court concluded that under Michigan law, mutuality is still a necessary element of collateral estoppel.

In addition to *Shaw*, there is case law in both Michigan and the Sixth Circuit applying Michigan law on collateral estoppel, which have called into doubt the soundness of the above cases applying crossover estoppel.

In *Danish Inn, Inc. v. Drake Ins. Co. of New York*, 126 Mich.App. 349, 337 N.W.2d 63, 65 (Mich.Ct.App.1983), the Michigan Court of Appeals rejected the reasoning and holding in *Imperial Catering* and similar cases. In *Danish Inn*, the Michigan Court of Appeals stated that:

*Imperial Catering* ... is not sound law.

...

Although the defense presented by the insurer [in *Imperial Catering* ] resembles collateral estoppel, collateral estoppel cannot be applied because both the parties and the issues are different. The expansion of the

"Several [Michigan] Court of Appeals opinions have [also] held that a criminal defense attorney may rely on the doctrine of collateral estoppel in order to avoid malpractice liability when a full and fair determination was made in a previous criminal action that the same client had received effective assistance of counsel." *Trakhtenberg*, 826 N.W.2d at 141 (citation omitted). "The Court of Appeals has [also] recognized that there may be other situations in which the mutuality requirement is relaxed." *Bithell*, 657 N.W.2d at 786.

This Court is unaware of any Michigan case holding that an exception to the mutuality requirement applies in a situation like the one in this case. Also, in the cases cited in this opinion applying cross-over estoppel, such estoppel is being used defensively rather than offensively as Citizens seeks to use in this case.

For these reasons, the Court concludes that the Defendant's criminal conviction has no preclusive effect in this nondischargeability action under Michigan law of collateral estoppel.

doctrine of collateral estoppel in this case and others like it is completely unwarranted.

In *Perez v. Aetna Life Ins. Co.*, 96 F.3d 813, 820 (6th Cir.1996), *vacated on other grounds*, 106 F.3d 146 (6th Cir.1997), the court stated in dicta that mutuality is a requirement of collateral estoppel under Michigan law:

> While federal law does not require mutuality between the parties, *Parklane Hosiery v. Shore*, 439 U.S. 322, 326–27, 99 S.Ct. 645, 649–50, 58 L.Ed.2d 552 (1979), some states do require mutuality. Michigan courts require mutuality of parties before giving issue-preclusive effect to a determination made by a Michigan state agency. *Nummer v. Treasury Dep't*, 448 Mich. 534, 533 N.W.2d 250, 253 (setting forth the requirements for giving issue-preclusive effect to administrative determinations and noting that mutuality is required), *cert. denied*, 516 U.S. 964, 116 S.Ct. 418, 133 L.Ed.2d 335 (1995). *But see Knoblauch v. Kenyon*, 163 Mich.App. 712, 415 N.W.2d 286, 291 (1987) (arguing that in *Imperial Kosher Catering, Inc. v. The Traveler's Indemnity Co.*, 73 Mich.App. 543, 252 N.W.2d 509 (1977), the Michigan Supreme Court had abandoned the mutuality requirement at least as it applied to defensive collateral estoppel (when a defendant uses collateral estoppel as a shield, not where a plaintiff uses it as a sword)). It is likely that *Nummer*, being the more recent pronouncement of the Michigan Supreme Court on the subject, correctly summarizes the law of Michigan, *Knoblauch* notwithstanding.

In *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555 (6th Cir.1998), the Sixth Circuit indicated that in order for Aetna Life Insurance Company to prevail on its collateral estoppel argument under Michigan law, it needed to show that the mutuality element of collateral estoppel was satisfied. In this regard, the court stated:

> [I]t is not "beyond doubt" that Aetna's collateral estoppel argument would prevail. Under Michigan law, Aetna "must also have been a party, or a privy to a party" in the state court proceeding to invoke the doctrine of collateral estoppel against Perez. *Lichon v. American Universal Ins. Co.*, 435 Mich. 408, 459 N.W.2d 288, 297–98 (1990). *See also Nummer v. Treasury Dep't*, 448 Mich. 534, 533 N.W.2d 250, 253 (1995) (including mutuality in list of requirements necessary to give preclusive effect to administrative determinations under Michigan law).

*Id; but see McKenzie v. City of Detroit*, 74 Fed.Appx. 553, 556 n. 1 (6th Cir.2003) (citations omitted) ("With respect to the effect of McKenzie's criminal conviction on his state claim, it is unclear whether Michigan law, which ordinarily requires mutuality, would permit non-mutual, defensive, cross-over collateral estoppel."); *Carlton v. Pytell*, No. 92–1050, 1993 WL 44514, at *4 (6th Cir. February 22, 1993) (citing *Knoblauch*, 415 N.W.2d at 289, *Imperial Kosher Catering*, 252 N.W.2d 509, *Lichon*, 459 N.W.2d at 299, and Restatement Judgments 2d, § 85 comment (e), pp. 298–99) ("Contrary to the modern trend, Michigan law also requires mutuality of the parties, so that the litigants in the second suit must have been parties or privy to parties in the first suit. However, Michigan's courts have established several exceptions to the mutuality requirement.").

Citizens also argues that King's guilty plea in the criminal case is an admission of the necessary elements of § 523(a)(6), and that such admission is conclusive in this adversary proceeding. The Court disagrees. At most, any admission represented by the guilty plea is evidence that may be relevant in this nondischargeability action. But King's guilty plea does not preclude King from now contesting that the § 523(a)(b) elements are met. Plaintiff has cited no authority holding otherwise. And King's deposition testimony[7] creates a genuine issue of material fact as to whether King willfully and maliciously injured McGehee.

For all of these reasons summary judgment must be denied.

Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 56) is denied.

2. The hearing on the Motion scheduled for October 16, 2013 is cancelled.

3. The trial of this adversary proceeding, which currently is scheduled for October 16, 2013 at 10:00 a.m. as a control date, is adjourned to, and will begin on, **November 19, 2013 at 9:00 a.m.**

---

7. A copy of King's deposition testimony is Exhibit I to the Motion (Docket # 56) and Exhibit 1 to King's response to the Motion (Docket # 58).